Griffin *vs.* Griffin, Jr.

ELI GRIFFIN, plaintiff in error, *vs.* LEROY GRIFFIN, Jr., defendant in error.

| 33 | 107 |
| 105 | 69 |
| 33 | 107 |
| 108 | 335 |
| 33 | 107 |
| 116 | 768 |

1. Upon an application to the Superior Court for partition of land by joint tenant, or tenant in common, under the Act of March 26, 1767, it is proper for that Court, in case of a contest, to go into a consideration of the title, both legal and equitable, and award or refuse the writ, according to the proof made.
2. When the proof shows that the defendant to such application has no real interest in the land, but that the title or interest is in a third person, the Court should not proceed to a hearing until such third person is notified and made a party.

Application for partition.   From Fulton county.   Tried before Judge BULL.   At the April Term, 1861.

For the facts of this case, see opinion of the Court.

JOHN M. CLARK, for plaintiff in error.

EZZARD, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

This was an application to the Superior Court of Fulton county, by Leroy Griffin, Jr., for a partition of lots 62 and and 67, in the 14th district of originally Henry, now Fulton county, alleging that applicant and one Eli Griffin, were the

joint tenants of said lands, and that Eli Griffin, one of the joint tenants, was in the full and undisturbed possession of the premises, notice of which application was given to Eli Griffin, in terms of the statute, who appeared, and plead in bar of said application, that applicant was not a co-tenant or joint owner of said land with him, but that the sheriff's deed, under which applicant claimed, to said applicant and defendant, was made to them wrongfully, and by mistake, and that it ought, instead, to have been made to Thomas Griffin, who was, in fact, the purchaser, at the sum of $1,525, and who had paid of said sum $1,076, and the balance was advanced by applicant as a loan.

The applicant offered, and put in evidence in support of the application, a deed from the sheriff of Fulton county to Eli Griffin and Leroy Griffin, Jr., for the premises in dispute, dated the 18th day of October, 1859, in which it was recited that he, as sheriff, had seized the said lots of land as the property of Leroy Griffin, under an execution in favor of Edward N. Griffin and John A. Griffin, against Edward M. Griffin and Leroy Griffin, and that he had, on 2d August, 1859, sold the same in terms of the statute, and that the same were knocked off to Eli Griffin and Leroy Griffin, Jr., at the sum of $1,500.

The defendant offered in evidence a conveyance from Eli Griffin to Thomas Griffin, dated 15th of May, 1860, in which, after reciting the sale of the land, and the sheriff's deed to Eli and Leroy Griffin, Jr., it was declared by said conveyance that the said Eli Griffin, one of the parties to whom the land was conveyed by the sheriff, was, in fact, but the agent of Thomas Griffin, to whom the sheriff's deed should have been made, instead of to Eli and Leroy Griffin, Jr., as it was, and that said Thomas Griffin, in fact, paid the whole of the purchase money mentioned in said deed, with the exception of $448 50, which was advanced by said Leroy Griffin, Jr., and in consideration of the premises, the said Eli Griffin, by said conveyance, conveyed his entire interest in said land, acquired by said sheriff's deed, to the said Thomas Griffin. The defendant offered to prove, by the

Griffin vs. Griffin, Jr.

sheriff of Fulton county, and one Edward Taliaferro, that the said lots of land were purchased by him, (Thomas Griffin, or Taliaferro, as agent for Thomas Griffin, we suppose,) and not by Eli Griffin and Leroy Griffin, as stated in said sheriff's deed, and that Eli Griffin never contributed one cent towards the consideration mentioned in the sheriff's deed, and that Leroy Griffin only contributed the sum of $448 50, and that as a loan, whilst Thomas Griffin, to whom the deed should have been made, paid the balance. The Court refused to entertain or act upon this evidence, and awarded the writ of partition, and in this we hold there was error. If the evidence was true, and it does not appear to have been denied, the applicant was not entitled to a partition. We presume, from a statement in the bill of exceptions, that the Court put the decision on the ground that the applicant had shown a legal title; that the Court was of the opinion that, under the Statute for Partition, of March 26, 1767, he could not go behind the paper title presented by the parties. This, we think, was too confined a view of that statute. The proceedings, under that Act, for partition of lands, are in the nature of a proceeding at equity, in which the Court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in Chancery for that purpose. If there be a dispute as to the facts, as there is likely to be in a case like this, the Court can direct an issue to be made up, and at once tried by a jury.

On the case made, it appeared that Eli Griffin had no interest, Thomas Griffin was the party in interest, and he had no notice, nor was a party. The Court, before awarding the writ, should have caused notice to be given to him.

Let the judgment be reversed.