BROWN *v.* ·MOONEY *et al.*

Where upon an application of all but one of several tenants in common, of certain mining property, for a sale of the property for the purposes of partition, the tenant not joining in the application files certain objections to the same, which do not, "by way of defense, show any good and probable matter in bar of the partition asked for," or question the right or title of the applicants as set up in the petition, it is not error for the judge, without the intervention of a jury, to pass upon the application and order a sale of the property.

Submitted June 10, — Decided July 22, 1899.

Partition.    Before Judge Kimsey.    Hall superior court. July term, 1898.

Mooney, Wood, and Boone filed a petition setting forth that they and Brown were the common owners of the mineral interest in certain described land, known as the McClusky mine, Mooney owning two fifths, and Wood, Boone, and Brown one fifth each ; that the property was valuable for mining purposes only ; "that no provision is made as to how said property should be divided, except as provided by law and equity"; and that a fair and equitable division of said mineral interest could not be made by metes and bounds.    They prayed for partition, and that said mineral interest and rights should be sold and the proceeds divided as provided by law.    Brown filed objections to the petition, in which he set up that the petitioners had leased their four-fifths interest in the property for the term of two years from January 1, 1898, to certain named parties, "with the right to said lessees to mine or work said property

as to said four-fifths," and that if a sale of the property were ordered it would be sold subject to the rights of the lessees, and therefore sold under a cloud ; that the lessees had been in the exclusive possession of the mine since the date of the lease, without the consent of respondent, mining the same for gold, and were still in possession and could prevent would-be purchasers from examining the mine before the sale ; that one of the lessees had stated to him that they would allow him "to examine said mine with purchasers, but would not permit certain persons to examine said mine, although said persons might desire to be and [would] likely be bidders at the sale." He alleged that a sale, under such circumstances, would be injurious to his interests, and prayed that "no order of sale be granted without some order or action be taken which would cause the mine to be open to the free examination of [himself] or those to whom he [might] wish to show it." He further alleged that the lessees had taken out a large amount of gold ore, and were liable to account to him for one fifth of the same, which they had not done; that petitioners had, through the lessees, taken exclusive possession of the mine and had received certain rents for the same from the lessees, no part of which had been paid to him, and that he had a lien on the shares of the petitioners in the proceeds of the sale for the amounts so due him. He claimed that he was unable to state the amount of gold and gold ore taken from the mine, without a discovery from the petitioners. He further averred, that the lessees had sunk a shaft into the mine, which showed the same to contain valuable veins of gold ore, which could not be examined, or the value of the mine ascertained, without entering the shaft; and that, since the pendency of these proceedings, they had allowed the shaft and tunnel into the shaft to fill up with water, so that it was impossible to make any proper examination of the mine; and that he had reason to believe that if the mine was left, pending the sale, in the hands of the lessees, who desired and intended to bid on the property, they would allow the shaft to become filled with water and thus prevent any other would-be purchasers from knowing the value of the mine. Without waiving his objections to any order of sale, he prayed

that, if a sale should be ordered, the court should appoint a receiver to take possession of the mine, and that the receiver be instructed to have the water pumped out of the shafts and tunnels, and that free examination of the mine be allowed all persons; that he be allowed to take small samples of the ore for assay, and that the receiver be instructed to hold all the proceeds of the sale for distribution by the court after adjudicating the rights of the defendant. He prayed that the lessees be made parties and be required to produce in court their lease, and for discovery from the petitioners and lessees, "as to the amount of gold and gold ore taken from the mine, and all rents, issues and profits received by them since January, 1898, and that [he] be decreed to have a lien for his amount of the same upon the shares of applicants from the proceeds of said sale." When the case came on for trial, Brown insisted that the issues thus made should be tried by a jury. The judge held that their determination was a matter for the court, and, after hearing the evidence, ordered a sale of the property and appointed commissioners for the purpose. Brown excepted, and assigned as error "the passing upon the objections to the application for sale by the court without a jury."

*H. H. Perry*, for plaintiff in error.
*H. H. Dean* and *M. L. Smith*, contra.

FISH, J. (after stating the foregoing facts). As will be seen by the official report, Mooney, Wood, and Boone filed their petition for a partition of certain mining property, which was owned in common by them and Brown. They stated the interest of each in the property, alleged that it could not be divided by metes and bounds, and prayed that there should be a sale of the same and a distribution of the proceeds thereof among the several owners in proportion to their respective interests. Brown filed certain objections to a partition of the property. The court, without the intervention of a jury, tried the case, passed simply upon the question whether there should be a sale of the property for the purposes of partition, ordered a sale of the property, fixed a date for the same, appointed commissioners to conduct it, and required the commissioners to re-

turn their proceedings to the next term of the court. Brown filed a bill of exceptions, in which he alleged that the issues of fact raised in the case should have been determined by a jury, and that the judge, over his objection, refused to submit them to a jury and passed upon the same himself. This, as stated in the brief of his counsel, is the only point involved in the case, as it comes before this court. The plaintiff in error contends that, under section 4791 of the Civil Code, the issues of fact in the case should have been passed upon by a jury. Under that section, he had the right to "file objections to the right of the [applicants], and the writ of partition," and, "by way of defense, [to] show any good and probable matter in bar of the partition asked for," or to show a want of title in the petitioners, or either of them, and to have an issue "made up and tried by a special jury, as in appeal cases." But, in the view which we take of the case, the objections which he filed did not bring the case under that section of the code. He raised no issue in reference to the title of either of the petitioners. Did he set up "any good and probable matter in bar of the partition asked for"? We think not. The matters which he set up were not *in bar* of a partition of the property. They were simply to the effect that it would not be equitable or just to him for the court to order a sale of the property, for the purposes of partition, under the circumstances which then existed. The right of the applicants to have the property partitioned was not questioned, but the question raised was, whether the interests of the objecting party would be injuriously affected by a sale of the property while there was an outstanding lease upon it and it was in the hands of the lessees, who could, and he believed would, prevent would-be purchasers from examining the mine. This raised no bar to the partition prayed for, but was matter addressed to the sound discretion of the judge, under section 4796 of the Civil Code, which provides that, "In any extraordinary case not covered by the foregoing provisions, the court may frame its proceedings and order so as to meet the exigency of the case without forcing the parties into equity; and the court may deny a sale or partition altogether, if it is manifest that the interest of each

party will not be fully protected." By his objections he made an extraordinary case not covered by the provisions of the section of the code upon which he relies, but a case to meet the exigencies of which the court could so frame its proceedings and order as to fully protect the interests of all parties concerned therein. His objections were in the nature of an equitable answer to the application for partition, in which he undertook to show to the court that if a sale were had for the purposes of partition, under the circumstances then existing, his interests would not be fully protected, and in which he asked for equitable relief against his cotenants, the petitioners. He came into court not denying the right of the applicants to a partition, not questioning their titles to the respective interests in the property which they set up, but in effect applying for a postponement of a partition until the circumstances should be such as to render it fair and equitable to him for one to be had, and also in effect asking the court to so frame the proceedings as to fully protect his interests without forcing him into equity. Section 4785 of the Civil Code, in reference to proceedings for partition in equity, provides that the court may, in its discretion, "postpone or deny either a partition or a sale, if it shall appear that the present or prospective interest of each tenant may not be protected thereby." The proceedings under the statutory provisions "for partition of lands are in the nature of a proceeding at equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in chancery for that purpose." *Griffin* v. *Griffin*, 33 *Ga.* 109; *Hamby Mountain Gold Mines* v. *Calhoun Land & Mining Co.*, 83 *Ga.* 317. We think it is clear that the case made by the objector was one which did not come under the provisions of section 4791 of the Civil Code, but which was addressed to the sound discretion of a judge of the superior court, clothed with the comprehensive equitable powers conferred upon him by the other sections which we have cited and from which we have quoted. The only right to have the issues of fact arising

upon an application for partition passed upon by a jury is that conferred by section 4791 of the Civil Code. *Rodgers* v. *Price*, 105 *Ga.* 67. This case not being covered by the provisions of that section, the judge below committed no error in passing upon the application for a sale of the property, for the purposes of partition, without the intervention of a jury. We have dealt with the only question presented for our determination, viz., whether or not the plaintiff in error was entitled to a trial by jury. It is not incumbent upon us to pass upon any other question.

*Judgment affirmed. All the Justices concurring.*