## DOUGLAS *et al.* v. MARSHALL *et al.*

Persons who had while minors been the beneficiaries of a homestead in land which had been set apart on the application of their father as the head of a family, and who after his death claimed an interest in the land as his heirs at law, are concluded by their own deed, executed after they had arrived at majority, by which they conveyed all their interest in the exempted land to another.

Argued December 3, — Decided December 19, 1900.

Equitable petition.   Before Judge Littlejohn.   Macon superior court.   November term, 1899.

*R. S. Foy* and *W. D. Crawford*, for plaintiffs.
*Greer & Felton* and *Hall & Wimberly*, for defendants.

LITTLE, J.   The plaintiffs in error exhibited an equitable petition against Marshall and Dwight, by which they sought to enjoin the latter from dispossessing them of certain land or in any other way interfering with their possession, and to declare a sale of the land made to Marshall void, and to cancel the deed conveying the same

to him.   On the trial, which was by consent had by the judge without the intervention of a jury, with the right of exception reserved, the case was tried on an agreed state of facts, so much of which as is necessary to understand the points decided is as follows: In the year 1869 George A. Douglas owned a certain lot of land in Macon county, and duly and legally had said lot of land set apart as a homestead for the benefit of his wife and their minor children. Among the latter were the plaintiffs.   Douglas died in 1883; his wife and children continued to live on the land.   In 1889, after the plaintiffs had become of age, they executed and delivered to their mother, Laura F. Douglas, for a consideration of natural love and affection, their warranty deed conveying to her their interest in said lot of land.   This deed was made for the purpose of enabling Laura F. Douglas to obtain a loan of money, which she did in 1890 from the Georgia Loan and Trust Company, by conveying to that company the lot of land in question, as security for the loan.   Laura F. Douglas died testate in the year 1893, in possession of said lot of land, and without ever having paid the debt so contracted. By her will she disposed of the land.   Some time after she had procured the loan from the trust company, the latter transferred to Sawyer the notes and the title of the lot of land received by it, subject to the right of Laura F. Douglas to redeem said land by the payment of the debt.   After the qualification of W. W. Douglas as executor of Laura F. Douglas, Sawyer instituted an action against him on the notes, and obtained a judgment for the amount thereof generally, and also a special judgment against said lot of land; and thereafter filed for record his deed conveying the land to said executor, for the purpose of levying on and selling the same to satisfy the judgment obtained on the notes.   Thereafter Sawyer sold and transferred this judgment and execution to Marshall, one of the defendants, who had the same levied on the land, and at the sale made thereunder became the purchaser.   He knew of all the above-recited facts at the time of his purchase.   The plaintiffs claimed title and right of possession of the land by descent from their father, George A. Douglas; and further claimed that on the death of their father his interest and title descended to them as heirs, and on the death of the mother the title became unencumbered by the homestead and was vested absolutely in the plaintiffs, with the right of possession.

It is difficult for us to see any reason why the conveyance made by the plaintiffs below to their mother in 1889 did not have the effect to vest in the mother as grantee all the right, title, and interest which the grantors had in the land therein described. The contention is made that the land had been duly set apart as a homestead. While this is true, it is a fact that at the time of the conveyance the grantors had no interest whatever in the homestead estate. As a matter of law the land at the time the homestead was set apart, as well as at the time of his death, was owned by their father. The effect of the setting apart of the homestead was not to change the title, but only the use during the life of the wife and the minority of the children. Certainly these children, when they became of age, were not deprived of their interest in the land as heirs at law of their deceased father because it had been set apart as a homestead. It is true that they could not deprive their mother of the use of it as a beneficiary of the homestead during her life; but, subject to this right of the beneficiary, their title was full and complete, with the right of possession postponed until the termination of the homestead estate. Possessing, then, valid title to their respective interests in the land, irrespective of the law which governs the right of a head of a family or a beneficiary under a homestead estate to dispose of a reversionary interest therein, the plaintiffs had full power and authority to convey, for a good or valuable consideration, the interest which they as heirs at law had in the land. This they did, and having done so, they are concluded, and ought not to have been heard to set up any claim against the title which they themselves by proper conveyance had put in their mother. There was, therefore, no error in refusing the injunction.

*Judgment affirmed. All concurring, except Fish, J., absent.*