## ANDERSON *v.* HALL.

A deed by an adult to whose father, as the head of a family, a homestead had been set apart under the present constitution, executed after the latter's death but before the termination of the homestead estate, and purporting to convey the grantor's interest, as heir at law, in the exempted realty, is not void.

Submitted June 8, 1901. — Decided February 7, 1902.

Complaint for land. Before Judge Evans. Jefferson superior court. November 13, 1900.

*Phillips & Phillips*, for plaintiff in error.
*R. L. Gamble* and *C. T. Wootten*, contra.

FISH, J. A homestead in land was, under the constitution of 1877, set apart to Hardy B. Hall, as the head of a family consisting of a wife and several minor children. After his death, but before the expiration of the homestead estate, one of these children, Z. R. Hall, a son who had arrived at majority, executed a deed purporting to convey to the defendant in error, Mrs. Mattie Hall, his

interest, as heir at law of his deceased father, in the land covered by the homestead. The present case turns upon the question, whether or not this deed was effectual for the purpose indicated. His honor of the trial court held that it was; and if this ruling was correct, there should be an affirmance of the judgment to which exception was taken. In *Huntress* v. *Anderson*, 110 *Ga.* 427, this court held that a head of a family had the right to sell and convey his "reversionary interest" in a homestead set apart under the constitution of 1868. Presiding Justice Lumpkin in the opinion referred to the fact that this constitution placed no restriction upon the exercise of such a right, and pointed out the difference in this respect between the constitution just mentioned and that of 1877, remarking that under the former there was no provision for the sale and reinvestment of exempted realty, while the latter in express terms inaugurated a policy of this kind. Giving thereto the fullest field for operation, it does not follow that a deed by an adult son of the head of a family to whom a homestead had been set apart under this constitution, executed after the father's death but before the termination of the homestead estate, and purporting to convey the grantor's interest, as heir at law, in the exempted realty, is void.

Why a deed by the father while in life to his "reversionary interest" would, if held good, interfere with the constitutional scheme of sale and reinvestment, was pointed out in the *Huntress* case, cited supra; but the reasoning there is not pertinent to the case in hand. In *Linch* v. *McIntyre*, 78 *Ga.* 209, it appeared that in 1875 a wife applied for and obtained a homestead, on the ground that her husband refused to do so. *Deyton* v. *Bell*, 81 *Ga.* 370, was a case in which a widow, in 1871, applied for a homestead in the property of her deceased husband. In each of these cases this court held that a sale of the homestead and a reinvestment of the proceeds, on the application of the widow, was lawful. In the former the doctrine was laid down that: "Although the husband may have died, yet where he left surviving him his wife and several children, one of whom was still a minor, the homestead estate still existed; and on the application of the wife in behalf of herself and her minor child, the judge of the superior court could grant an order for the sale of the property and reinvestment of the proceeds. A sale effected under such an order would convey to the purchaser the title, di-

vested of any claim which the heirs at law of the husband might have upon the property." The court also applied to the case the clause of the present constitution which declares: "Parties who have taken a homestead of realty under the constitution of 1868 shall have the right to sell said homestead and reinvest the same, by order of the judge of the superior courts of this State." Civil Code, § 5920.

Even if the rule laid down in these cases is to be extended to homesteads set apart under the constitution of 1877, so as to allow a widow whose husband had obtained such a homestead to maintain, after his death, an application for the sale of the exempted land and a reinvestment of the proceeds, a proceeding which the constitution certainly does not authorize and which would operate most harshly and unjustly against the adult heirs, we still do not see how a conveyance from one of them of his inherited interest in the land should be treated as void. Granting that a widow thus situated has any such extraordinary right, a conveyance of this kind would not interfere with her exercising it. The vendee would, of course, take the chance of having his title destroyed by her so doing. He could in no event disturb beneficiaries in the enjoyment of the original homestead while it subsisted; and if it should be sold for reinvestment, he would simply take subject to that sale and reinvestment, and, in that case, might in equity be entitled to the same interest in the property bought as he had in that which had been sold.

*Judgment affirmed. All the Justices concurring.*

---

Justice LITTLE was prevented by sickness from participating in the adjudication of the cases where he is reported to have been absent. This fact also delayed the filing of the opinions in the last four cases in the book; such filing having occurred on April 28 and 30, 1902.