## COCK v. CALLAWAY et al.

1. An application for partition under the statute (Civil Code (1910), § 5358) was made. Some of the persons against whom partition was sought were given notice of the intention to apply therefor. Others, who were non-residents, were served by publication. Some of those who were given personal notice filed demurrers. During the vacation following the first term of the court after the application was made, it came on for a hearing before the presiding judge. The demurrers were urged against the granting of the writ of partition, and also motions to dismiss the proceeding were made. No objection was raised to hearing the demurrers and motions at that time. They were sustained, and the applicant excepted. *Held,* that this court will not reverse the judgment on the ground that the judge was without authority to hear and pass upon the motions and demurrers in vacation.

2. As to persons who held separate parts of a large tract of land, the notice of intention to partition the land with each of them was too vague and indefinite.

3. While, under statutory proceedings to obtain a partition, in extraordinary cases not expressly provided for, the court may so frame its proceedings and order as to meet the exigencies of the case, this does not give to the statutory procedure the full scope of an equitable proceeding with regular process and service. Such a statutory proceeding can not be made to serve the purpose of partitioning a large tract of land with certain alleged tenants in common with the applicant, and at the same time of recovering possession from various persons who hold different parts of the land adversely, not under the alleged tenants in common, and also of having an accounting with them for the share of the rents claimed by the applicant.

(a) The petition in this case was properly dismissed.

4. It is not adjudicated that the applicant has no title or interest in the land. Inasmuch as, under the language of the petition and the demurrers, an affirmance might appear to have the effect of so adjudicating, direction is given that the judgment be so amended as to declare that it does not adjudicate the question of whether or not the petitioner in the proceedings to partition has a title to the land or any interest therein.

JUNE 10, 1914.

Application for partition, etc. Before Judge Littlejohn. Lee superior court. July 10, 1913.

W. T. Cock filed a petition addressed to the superior court of Lee county, alleging in substance as follows: In the year 1863 Dudley Sneed died seized and possessed of certain land in that county, including land lots numbered 46, 47, 48, 49, 50, and 51, containing 1215 acres more or less. He left a will in which, after paying certain debts and legacies, he gave and bequeathed all the balance of his property to his wife for life. He directed, that, after her death, all of the property, except the legacies mentioned, should be equally divided between Garnett A. Sneed and James Benton Cock, to be owned, held, and enjoyed by each of them during his natural life; that, after the death of either the said Garnett A. Sneed or James Benton Cock, "his wife and children shall take and receive his share, to be equally divided between them, in fee simple; and in case either of them shall die without wife or children, his share shall be equally divided between the wife and children of the other, in fee simple; and in case both of them die leaving no wife and no children, the property shall be equally divided between the grandchildren of Samuel M. Sneed." The first life-tenant, the wife of the testator, has died, as has also James Benton Cock, one of the two life-tenants to hold after her death. The only other life-tenant, Garnett A. Sneed, left this section for parts unknown to the peti-

tioner thirty or more years ago, and petitioner is not advised whether he is living or dead, or whether, if dead, he was survived by a wife or child or children, or whether there is any living wife or child or other lineal heirs at law. The death of James Benton Cock occurred in September, 1912, and he was survived by the petitioner, his only child and heir at law. If Garnett A. Sneed is still in life, he is a cotenant of the petitioner in the land above described. If he died leaving a wife and children, or either, such wife and children, or either, are likewise cotenants of the petitioner. The lands, never having been divided, are thus owned in common. At the time Garnett A. Sneed left this section, about thirty years ago, he had a wife and one minor daughter named Ida Sneed, who was then about eight years of age. The lands are now in possession of certain named persons in severalty, "each of whom claims under one of the life-tenants in said will." The petition then sets out a number of persons as holding different parcels of the land sought to be partitioned. In some instances the lots alleged to be held by named persons are described by certain numbers. In others the description is more indefinite. In one it is stated that a named person is in possession of "lot of land No. 47, except 25 acres in the southwest corner thereof, and 18 acres in the northwest corner, also all of lot No. 51, except 50 acres in the southwest corner, also the west half of lot No. 49 and 30 (thirty) acres in the southeast corner (except six (6) acres used as a cemetery), and three acres in the southwest corner of No. 50." More than twenty days prior to the date of the application petitioner served each of the parties named with written notice of his intention to apply for a writ of partition, except Garnett A. Sneed, "whose residence and existence in life is unknown to petitioner, and the wife and children and lineal heirs at law of said Garnett A. Sneed, whose names and residences are unknown to petitioner. . . Wherefore petitioner brings this suit against the said Garnett A. Sneed, and the parties answering the description of the wife and children of Garnett A. Sneed and also the lineal heirs at law of said Garnett A. Sneed, whose names and residences are unknown to petitioner, as cotenants of petitioner in the above-described land under the will of Dudley Sneed, and against each of the parties hereinbefore designated as possessed of said several parcels of said land, who are in possession adversely to petitioner." **He prayed** for

the writ of partition; that the parties in possession of the lands be required to account to him for one half of the rents, issues, and profits thereof from September 12, 1912; that he have judgment against each of them for such amounts as might be found due him upon such accounting; and that the court would grant an order for service "upon Garnett A. Sneed, his wife and children, and his lineal heirs at law, the residence and names of all of whom is unknown to petitioner." The notice of intention to apply for the writ of partition set out, that, under the will of Dudley Sneed, the petitioner was the owner of the fee-simple title in and to a one-half undivided interest in the land lots mentioned above, containing 1215 acres, more or less; that the life-estates created by the will had terminated by the death of each of the life-tenants; that the title to a one-half undivided interest had vested in the applicant; that he demanded full and free possession thereof; and that, should the other parties fail to surrender it to him, he would require them to account to him for one half of the income from said land, so long as they should hold the same. This notice was served on each of the persons in possession of parts of the land. Under order of the court, a notice was published, directed to "Garnett A. Sneed, Mrs. Garnett A. Sneed, Ida E. Moore, Ida E. Sneed, and any and all lineal descendants or heirs at law of Garnett A. Sneed, and to any and all other persons who claim or own any interest present or contingent," in the lots mentioned by number. Certain of the parties in possession of parts of the land, who were served with the notice, moved to dismiss the proceeding, on the ground that there was no prayer for process, and no process attached; that the respondent had not been served as by law required; and because the notice was not a sufficient compliance with the law. They also filed demurrers to the petition, on various grounds. The presiding judge sustained the motions to dismiss, and also the demurrers, except as to certain grounds. The petitioner excepted.

*W. T. Lane* and *Ware G. Martin*, for plaintiff.

*Hardeman, Jones, Park & Johnston, H. A. Wilkinson, R. R. Forrester, W. T. Calhoun*, and *J. A. Beazley*, for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. It was contended that the court was without jurisdiction to entertain motions to dismiss and demurrers to the proceeding in vacation. In certifying the bill of exceptions, the presiding·

judge added a note to the effect that no objection was made or question raised as to the jurisdiction or power of the court to pass on the motion and demurrers at that time, and that the hearing was had after the first term following the filing of the petition.

Prior to 1900 the law required a statutory application for partition to be made to the superior court in term time. By the act of December 18, 1900 (Acts 1900, p. 56), the application was authorized to be made at term time, or to the judges of the court at chambers. Civil Code (1910), § 5358. Section 5360 provides for giving twenty days notice of the intention to apply for partition. Section 5361 provides that, when the application for partition is made, and when due proof is made that the notice required has been given, the court shall examine the petitioner's title and part or share of the premises to be partitioned, and shall thereupon pass an order directing the clerk to issue the writ of partition, framed according to the nature of the case. This does not require that the judge shall have a trial of the application at once upon its presentation; but he should himself see that some apparent interest in the applicant exists. But after objections have been filed, and the case is ripe for a hearing upon questions of law or fact, it may be determined. In the present case the motions to dismiss and demurrers were heard in vacation following the first term of court next after the application was presented to the presiding judge. Section 4850, par. 5, of the Civil Code of 1910 authorizes the judges of the superior courts to hear and determine in vacation all demurrers to petitions for equitable relief, on ten days notice and after service of a copy of the demurrer. Section 4852 provides that the judges of the superior courts have power to hear and determine in vacation as well as in term time, without any order passed in term time, all motions for new trial, certioraries, and all such other matters as they now can hear and determine in term time, and which are not referred to a jury. In the case before us a hearing came on under the application for the writ of partition at the instance of the applicant. Demurrers had been previously filed. On the hearing motions to dismiss were also made. The presiding judge certifies that no objection to hearing the demurrers and motions was made, and no question raised as to passing on them at that time. If there be a question in regard to hearing a demurrer or motion to dismiss an application for the writ of partition in vacation, under the above-

stated facts, the applicant would be held to have waived any question of notice as a prerequisite to the hearing in vacation, under the facts of this case.

2. Considered as a notice, to each of the holders of different parts of a tract of land, of an intention to apply for a writ of partition against each of such persons, the notice served was too vague and indefinite. It might have been sufficient as to persons alleged to have an undivided half interest in the entire tract, in which the person intending to apply claimed to own the other undivided half interest; but if partitioning between such person and holders of separate parcels was contemplated, the notice was insufficient.

3. In this State two methods of procedure to obtain a partition exist, where they are respectively applicable. The first is the statutory method contained in the Civil Code (1910), § 5358 et seq. The second is by equitable petition, whenever the remedy at law is insufficient, or peculiar circumstances render a proceeding in equity more suitable and just. § 5355. Under the statutory proceeding, a notice of intention to make the application is required to be given; the court examines the petitioner's title and part or share of the premises to be partitioned; partitioners are appointed, and make a partition in kind, having a survey made; or a sale may be ordered where a fair and equitable division can not be made by metes and bounds. Provision is made for filing objections, and for hearing and determining the application. This does not take the place of a suit in ejectment against a person holding the land, not as a tenant in common or under the alleged tenant in common, but who is shown to have acquired possession under an antecedent life-tenant, who has died, and to claim adversely. Here all of the persons in possession of different parts of the tract of land in dispute were alleged to claim under one of the life-tenants created by the will, without stating under which life-tenant they respectively claimed. The petitioner's right to have possession of any of the land rested upon an allegation that the wife of the testator and Garnett A. Sneed and James Benton Cock were each life-tenants, while the petitioner was a remainderman as to a one-half interest upon the death of the last-named tenant for life. Thus, if the allegation means that any particular holder or holders claimed under James Benton Cock, their holding would not be as tenants

in common with the remainderman. In such event, the remedy he would need against such holders would be one to recover possession of his interest in the land, rather than to partition with them. If any holder claimed under both Garnett A. Sneed and James Benton Cock, and Garnett A. Sneed were still in life, there might perhaps be a case for recovery or partition as to a half interest in that particular parcel. It will readily be seen that the status of one in possession of a parcel of the land might vary according as he claimed under the widow of the testator, who was the first life-tenant, or under both of the subsequent life-tenants, or under one of them. It appears that there were a number of persons holding different parts of the tract or tracts, and the vague allegation that each of them claims "under one of the life-tenants in said will" shows no case for partitioning under the statute as against each of such possessors. Moreover, the descriptions of the parcels held by some of these persons is quite indefinite. By the Civil Code (1910), § 5368, it is declared, that, "In any extraordinary case not covered by the foregoing provisions, the court may frame its proceeding and order so as to meet the exigency of the case without forcing the party into equity; and the court may deny a sale or partition altogether, if it is manifest that the interest of each party will not be fully protected." This allows certain equities between tenants in common to be taken into consideration in making a partition, and doubtless would authorize one holding a perfect equity to have a partition without first proceeding by equitable petition. But, without undertaking to define the full extent of that section, it is clear that it was not intended to make the statutory proceeding a substitute in all cases for partition by a court with equitable cognizance, or to deal with all the rights which might be asserted in every case by an equitable proceeding; since the code preserves the right of equitable partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just, as above indicated.

In the case before us, there was an effort to have a statutory partition in kind of several land lots as against Garnett A. Sneed, if alive, his wife and children, if any, or his lineal heirs at law, if any. It was alleged that the petitioner did not know whether Sneed was alive or dead, or whether, if dead, he was survived by a wife, or a child, or children, or whether there is such a widow or child

or their lineal heirs at law. With this cotenant or cotenants, if any, the petitioner desired to have partition of 1215 acres of land. In the petition it was alleged that Garnett A. Sneed "left this section for parts unknown to petitioner, some thirty or more years ago." These hypothetical or conditional cotenants were served by publication addressed in the same uncertain way. What effort was made to ascertain the facts does not appear. It is clear that the petitioner did not seek, and could not have, a statutory partition in kind for the entire 1215 acres with each of the persons who held separate parts of such land. His counsel seemed to realize the need for something beyond statutory partition, and in the nature of equitable relief, as his petition included prayers for recovery of a one-half interest in the property, for accounting by each of the persons in possession for one half of the rents, issues, and profits of the lands from September 12, 1912, for judgments against them respectively for the amounts found to be due, and for general relief. Nevertheless there was no prayer for process, the case was not brought to a term of court as an equitable petition, no process was issued, and none was served. The petition could not, therefore, be upheld as a regular partitioning in equity, without dealing with the sufficiency of its allegation. The requirement in regard to the service of notice of a statutory proceeding to partition land is extremely loose. The code does not declare that there must be a petition filed, followed by service by an officer, with due entry thereof, so as preserve a permanent official record, but that the party applying for the writ of partition shall give to the other parties concerned at least twenty days notice of his intention to make application, and that the court may proceed in the prescribed manner when due proof is made that the required notice has been given. This may be intended for speed (*Lochrane* v. *Equitable Loan & Security Co.,* 122 *Ga.* 433, 437, 438, 50 S. E. 372); but it appears to be a rather loose way to bring a man into court to litigate about land. It will not take the place of process and regular service in an equitable petition seeking accountings, judgments, and general relief against the numerous parties in possession of different parts of the land involved.

4. The demurrers contained numerous grounds, among them being that the allegations "in the bill" set forth no cause of action. We do not think that this petition was a bill or suit on the equity

side of the court. But sustaining the demurrer should not have the effect of holding that the.petitioner has no title. This should be left undetermined. Direction is accordingly given that the judgment be so amended as to declare that it does not adjudicate the question of whether or not the petitioner in the proceedings to partition has a title to the lands or any interest therein. This direction is given to avoid confusion, on account of the peculiar character of the proceeding and its termination.

*Judgment affirmed, with direction. All the Justices concur.*