### GRIFFIN *et al. v.* GRIFFIN.

1. Where a tenant in common applies to the superior court to have certain land so held partitioned and to have an accounting between the tenants in common under § 5358 of the Civil Code of 1910, such a proceeding is in the nature of a proceeding in equity in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, including their respective titles to the land; to have an accounting for rents and profits, awarding partition, etc.

2. Where application by petition is made to partition lands between tenants in common under § 5358 of the Civil Code of 1910, the petition is not demurrable upon the ground merely that there is no process, nor prayer for process, attached to such petition.  Notice and service in such cases is provided for under § 5360 of the Code.

3. Under § 3396 of the Civil Code of 1910, homestead property set apart to a wife, or wife and minor children, etc., upon the termination of the homestead estate reverts to the estate from which it was set apart, unless it is sold or reinvested in pursuance of the provisions of the Code.

4. An affidavit filed by a guardian for the purpose of taking a case to the Supreme Court in forma pauperis, which alleges that the ward, because of his poverty, is unable to pay the cost in the case, and that his counsel has advised him that he has good cause for writ of error, is good as against the objection that the affidavit should allege that the "estate" which the guardian represents is unable to pay the cost, etc.  The case of *Barfield* v. *Hartley*, 108 *Ga.* 435 (33 S. E. 1010), considered and distinguished.

No. 2838.  JUNE 13, 1922.

Application for partition, etc. Before Judge Park. Putnam superior court. September 24, 1921.

Sidney Griffin, and Mrs. Lizzie Layson as guardian and next friend for Millard Griffin, brought a petition against J. B. Griffin, the purpose of the petition being for the partition by sale of a certain tract of land in Putnam County, in possession of the defendant, and to secure an accounting for the rents and profits of the land. The land in controversy was set apart as a homestead, in 1868, to W. S. Griffin as head of a family consisting of his wife, Lucy A. Griffin, and their seven minor children. W. S. Griffin died intestate on June 26, 1899, and there has been no administration upon his estate, and his wife did not elect to take a child's part or year's support or dower in the land. The plaintiffs in the present suit are children of John T. Griffin, a son of W. S. Griffin. John T. Griffin died intestate on March 23, 1903, owning, as alleged, a one-seventh undivided interest in all of the homestead tract of land which it is claimed descended to and vested in his two children, above named. After the death of W. S. Griffin his widow, Lucy A. Griffin, never remarried; and his minor children having reached their majority, the widow was the sole beneficiary of the homestead, which terminated by the death of Mrs. Griffin on April 11, 1908. After the death of W. S. Griffin and during the existence of the homestead his widow and some of the minors of W. S. Griffin undertook to divide among themselves and convey the tract of land in which the homestead had been set apart. It is alleged that all of these attempted conveyances and undertakings were null and void so far as the undivided one-seventh interest of plaintiffs in the tracts of land so conveyed are concerned; that J. B. Griffin is a tenant in common with plaintiffs in lot No. 3, containing 133 acres, J. B. Griffin owning a six-sevenths undivided interest therein and plaintiffs a one-seventh interest. The respective interests of other tenants in common are likewise set out in the petition.

The defendant filed his demurrer to the petition, as follows: (1) The petition sets out no cause of action. (2) The petition is duplicitous, and there is a misjoinder of cause of action; for that it is sought therein to partition three distinct tracts of land, only one of which is owned or claimed by this defendant. (3) There is a misjoinder of parties defendant, there being no joint

interest as between this defendant and G. R. Griffin and L. M. Pennington, who are named as owners of two of the three tracts as to which partition is sought. (4) There is no process nor prayer for process. (5) The relief sought, viz., an accounting for profits and recovery of possession, is not such as may be obtained in a statutory proceeding for partition of land. (6) The petition shows that the petitioners have no right, title, or interest in the land alleged to be held by this defendant; for that it is alleged that petitioner's ancestor, John T. Griffin, died prior to the date of the termination of the homestead, and prior to the date of the death of Mrs. Lucy A. Griffin. (7) The petition shows that this defendant is in possession of the land adversely to petitioners, and that he claims under a deed purporting to convey to him the entire title, and not an undivided interest therein. The statutory proceeding for partition is not a remedy appropriate to the recovery of possession of land so held adversely. After argument the court sustained the demurrer as to the first, fourth, fifth, and seventh grounds thereof; and the petition was accordingly dismissed, with judgment against the plaintiffs for costs of suit. To this judgment the plaintiffs excepted.

*R. C. Jenkins* and *S. T. Wingfield,* for plaintiffs.

*W. T. Davidson,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. Under the acts of 1767 and 1900, now codified in § 5358 of the Civil Code of 1910, where two or more persons are common owners of lands and tenements in this State, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements are to be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated, at term time, or the judges thereof at chambers, for a writ of partition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein. The sections of the code immediately following § 5358 provide by whom the applications for partition may be made; notice to other parties concerned; the return of the partitioners; defenses, when and by whom and how made; when the return shall be made the judgment of the court, etc. The petition in the present case seems

to have been drawn in substantial compliance with the requirements of § 5358 et seq. of the code, supra. Under § 3727 of the Civil Code of 1910, it is provided that if one tenant in common receives more than his share of the rents and profits, he is liable therefor as agent or bailee of the other cotenants; and that in equity the claim for such indebtedness is superior to liens placed on his interest by the tenant in possession receiving the profits. The plaintiffs in the present case are asking for an accounting between the cotenants. But grounds 5 and 7 of the demurrer challenge the right of the plaintiffs to an accounting for profits and recovery of possession of the land, on the ground that the petition shows that the defendant is in possession of the land adversely to the plaintiffs, and because the statutory proceeding for partition, etc., is not a remedy appropriate to the recovery of land so held adversely. We can not agree to these contentions. As early as the case of *Griffin* v. *Griffin*, 33 *Ga.* 107, this court held that "Upon an application to the superior court for partition of land by joint tenants, or tenants in common, under the act of March 26, 1767, it is proper for that court, in case of a contest, to go into a consideration of the title, both legal and equitable, and award or refuse the writ, according to the proof made." In delivering the opinion of the court Lyon, J., said: "The proceedings, under that act [1767], for partition of lands, are in the nature of a proceeding at equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in chancery for that purpose. If there be a dispute as to the facts, as there is likely to be in a case like this, the court can direct an issue to be made up, and at once tried by a jury." Under the pleadings in the instant case the title to the land in controversy is involved. Civil Code (1910), § 5363. And see *Hamby* v. *Calhoun*, 83 *Ga.* 317 (9 S. E. 831); *Jackson* v. *Deese*, 35 *Ga.* 84, 91; *Hall* v. *Collier*, 146 *Ga.* 815, 817 (92 S. E. 536); *Brown* v. *Mooney*, 108 *Ga.* 331 (33 S. E. 942); *Shiels* v. *Stark*, 14 *Ga.* 429 (8).

Since the decision of the *Griffin* case, supra, the legislature in 1887 (Acts 1887, p. 64) passed what is known as the "uniform procedure act," and it is now embodied in part in § 5406 of the

Civil Code of 1910. That section of the code provides that " The superior courts of the State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." *DeLacy* v. *Hurst,* 83 *Ga.* 223, 230 (9 S. E. 1052) ; *Georgia R. &c. Co.* v. *Tice,* 124 *Ga.* 459, 462 (52 S. E. 916, 4 Ann. Cas. 200). From the foregoing authorities we are of the opinion that the court erred in sustaining grounds five and seven of the demurrer.

2. The case of *Cock* v. *Callaway,* 141 *Ga.* 774, 781 (82 S. E. 286), is cited by the defendant in support of the fourth ground of the demurrer, which is. that " there is no process nor prayer for process " in plaintiffs' petition. It is true that in that case this court held that " While, under statutory proceedings to obtain a partition, in extraordinary cases not expressly provided for, the court may so frame its proceedings and order as to meet the exigencies of the case, this does not give to the statutory procedure the full scope of an equitable proceeding with regular process and service. Such a statutory proceeding can not be made to serve the purpose of partitioning a large tract of land with certain alleged tenants in common with the applicant, and at the same time of recovering possession from various persons who hold different parts of the land adversely, not under the alleged tenants in common, and also of having an accounting with them for the share of the rents claimed by the applicant." The facts of the *Callaway* case are different from the facts of the present case. There the first life-tenant, the wife of the testator, had died, as had also James Benton Cock, one of the two life-tenants who held after her death. The only other life-tenant, Garnett A. Sneed, " left this section for parts unknown to petitioner thirty or more years ago, and petitioner is not advised whether he is living or dead, or whether, if dead, he was survived by a wife or child or children, or whether there is any living wife or child, or other lineal heirs at law. The death of James Benton Cock occurred in September, 1912, and he was survived by the petitioner, his only child and heir at law. If Garnett A. Sneed is still in life, he is a cotenant of the petitioner in the land " sought to be partitioned. The lands in that case were alleged to be in possession of certain named persons in

severalty "each of whom claims under *one* of the life-tenants in said will." Garnett A. Sneed, his wife and children and his lineal heirs at law, the residence and names of all of whom were alleged to be unknown to petitioner in that case, were by order of the court served by publication. The defendants in that case were not tenants in common with the petitioner, nor were those in possession of the land, holding under *one* of the life-tenants, tenants in common with the applicant, so as to bring them within the provisions of § 5358 of the Civil Code of 1910, under which the proceeding was brought. In a case like the *Callaway* case, under its peculiar and complicated state of facts, it was held that only a court of equity could furnish adequate relief. It will be observed also that in the *Callaway* case the learned Justice who wrote the opinion of the court did not refer to the case of *Griffin* v. *Griffin,* supra, and similar cases. Indeed the facts of the present case are different from those in the Callaway case, as already observed. Here the defendant is alleged to be, and the facts show him to be, a tenant in common holding under another tenant in common as a successor in title. See *Sewell* v. *Holland,* 61 *Ga.* 608, 613; *McRea* v. *Dulton,* 95 *Ga.* 267, 270 (22 S. E. 149); *Coleman* v. *Lane,* 26 *Ga.* 515 (3); *Lane* v. *Malcolm,* 141 *Ga.* 424 (81 S. E. 125). It is true that no process was attached in this case, but § 5360 of the Civil Code of 1910 provides that the party applying for the writ of partition shall give to the other parties concerned at least twenty days notice of his intention to make application; and if any such other parties concerned be a minor, a lunatic, or a cestui que trust, the twenty days notice may be served on the guardian of such minor or lunatic or on the trustee of such cestui que trust; and if any of the parties reside without the limits of this State, the court may order service by publication, as in its judgment is right in each case. No contention is raised in the record here that all the parties concerned were not served, and did not have due notice. And see *S. F. & W. Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010). We are of the opinion that this ground of the demurrer is without merit.

3. The court sustained the first, fourth, fifth, and seventh grounds of the demurrer and dismissed the petition. We have in the two preceding divisions of the opinion discussed the order of the court sustaining each of such grounds of the demurrer, except

the first. That ground simply recites that the petition sets out no cause of action against the defendant.

The overruling in effect of the sixth ground of the demurrer is argued in the briefs, but was not excepted to by cross-bill of exceptions; and consequently it will not considered as such. However, as that ground is merely an elaboration of the first, and may be involved under the general ground of the demurrer, we will consider it in connection therewith; for if the petition shows that the plaintiffs have no right or title to the property in controversy in common with the defendant then they can not have the partition as prayed for, and the petition should be dismissed. But we do not think the petition is open to this criticism. The sixth ground of the demurrer alleges that the petitioners have no right, title, or interest in the land alleged to be held by the defendant, in that it is alleged that plaintiffs' ancestor, John T. Griffin (one of the beneficiaries of the homestead estate) died prior to the termination of the homestead, and prior to the death of Mrs. Lucy A. Griffin, the widow of W. S. Griffin and the mother of John T. Griffin. It is insisted that when John T. Griffin died before his mother died, his right to a share in the reversion terminated, and therefore that his children, the present plaintiffs, have no interest in the property. The petition alleges that the widow died in 1908, and that John T. Griffin died in 1903. It is also argued that the defendant parted with his right as a reversioner in the homestead property before the death of the widow, and afterwards bought the land in 1916; and that he holds adversely to the homestead claimants, and not as a reversioner. The Civil Code of 1910, § 3396, provides that property set apart for a wife, or for a wife and minor children, or for minor children alone, shall, upon the death of the wife or her marriage, when set apart to her alone, and upon majority of the minor children, or their marriage during minority, when set apart for minor children, and upon the death or marriage of the wife and majority or marriage of the minor children, when set apart to wife and minor children, *revert to the estate from which it was set apart,* unless sold or reinvested in pursuance of the provisions of this article, when the same provision as to reversion shall follow all reinvestments, unless the fee simple is sold as provided in this section of the code.

In the case of *Douglas* v. *Marshall,* 112 *Ga.* 423 (37 S. E. 722), Mr. Justice Little said: "As a matter of law the land at the time the homestead was set apart, as well as at the time of his death, was owned by their father. The effect of the setting apart of the homestead was not to change the title, but only the use during the life of the wife and the minority of the children. Certainly these children, when they became of age, were not deprived of their interest in the land as heirs at law of their deceased father because it had been set apart as a homestead. It is true that they could not deprive their mother of the use of it as a beneficiary of the homestead during her life; but, subject to this right of the beneficiary, their title was full and complete, with the right of possession postponed until the termination of the homestead estate." It will be noted that the homestead in the *Douglas* case was set apart in 1869. We are of the opinion that the reasoning in that case is sound, and applies as well to the facts of the present case, where the homestead was set apart in 1868. If the title was in the father, W. S. Griffin (and no question is raised to the contrary), his son, John T. Griffin, would inherit on his father's death as his heir at law, and on the death of John T. Griffin *his* heirs at law, the present plaintiffs, would inherit from him, and their title would be complete on the happening of that event, with the right of possession postponed until the homestead estate had terminated. And the fact that the father of the plaintiffs, who was an heir at law, died before the death of the mother, who was in possession of and enjoying the homestead estate as a beneficiary thereof, could make no difference so far as this suit is concerned. Neither would the fact that the mother of John T. Griffin and his brothers and sisters, who were likewise beneficiaries of the homestead estate, divided the land in controversy and sold it, conclude these plaintiffs, from bringing the present suit, when it appears from the record that the father was not a party to the proceeding.

The homestead was set apart in 1868, out of the property belonging to W. S. Griffin, for the benefit of his wife and minor children. Under the constitution of 1868 no provision was made whatever for making sale of the homestead property; but the constitution of 1877 provides that parties who have had a homestead set apart under the constitution of 1868 shall have the right to sell the same, by order of the judge of the superior court. Art. 9,

sec. 9, par. 1 (Civil Code of 1910, § 6590). It does not appear in the present case whether any order for the division or sale of the homestead property was obtained or not; and if not, the sale of it was a nullity. *Harl* v. *Evans,* 80 *Ga.* 330, 331 (5 S. E. 99). And see *VanHorn* v. *McNeill,* 79 *Ga.* 121 (4 S. E. 111). But even if the sale of the land was valid, the plaintiffs would be tenants in common with the vendees, as held in another division of this opinion. What we hold is, that on the death of W. S. Griffin, intestate, the homestead property reverted to his estate, and his heirs at law would inherit his estate, the possession being postponed until the termination of the homestead estate; and this being true, it does not matter that John T. Griffin died before the widow of W. S. Griffin died; and the children of John T. Griffin would inherit as his heirs at law. See *Huntress* v. *Anderson,* 110 *Ga.* 427 (35 S. E. 671, 78 Am. St. R. 105); *Anderson* v. *Hall,* 114 *Ga.* 1016 (41 S. E. 593); *Douglas* v. *Marshall,* supra.

4. The bill of exceptions in the present case was sued out by Sidney Griffin and Mrs. Lizzie Layson, guardian and next friend of Millard Griffin. Mrs. Lizzie Layson filed in the court below an affidavit which is in the record in this court, in which she alleges that she is the duly qualified and acting guardian of Millard Griffin, a minor, and that as the guardian of such minor she is one of the plaintiffs in error in the case, and that Millard Griffin because of his poverty is unable to pay the cost in the case, and that his counsel has advised him that he has good cause for a writ of error. On the call of the case in this court the question is raised as to whether this affidavit is sufficient to relieve counsel for the plaintiffs in error from the payment of costs due in this court. It is insisted that under the decision in *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010), the affidavit is not sufficient. In that case it was held: " An affidavit filed by an administrator for the purpose of taking a case to the Supreme Court in forma pauperis should allege the inability of the estate he represents to pay costs. His personal inability to do so is of no consequence." We are of the opinion that the *Barfield* case is distinguishable from the present case. There the administrator made affidavit that he was personally unable to pay the costs. The affidavit in the present case does not allege that the guardian personally is unable to pay the costs, but that the ward, whom she represents, is unable to

pay the costs; and we are of the opinion that that is equivalent to saying that his estate is unable to pay costs. We hold therefore that the affidavit as one in forma pauperis is good, so as to relieve counsel for plaintiffs in error from the payment of costs.

5. Grounds 2 and 3 of the demurrer were met by appropriate amendments to the petition.

*Judgment reversed. All the Justices concur.*