GIBSON *et al. v.* GIBSON *et al.*

No. 10444.   MARCH 12, 1935.

*B. F. Walker* and *M. C. Barwick,* for plaintiffs.

GILBERT, Justice.   C. S. Gibson and others filed in Glascock superior court a petition against John C. Gibson, Mrs. Mary Wright Gibson, and Mrs. Louise Dunn Gibson. As amended, the petition alleged that W. A. Gibson Sr. died intestate in 1918, in possession of 416 acres, more or less, of described land in the 1169th district G. M. of Glascock County that Mrs. Van Della Gibson died on December 8, 1922, as owner and in possession of 800 acres, more or less, of described land in the 1169th district G. M. of Glascock County; that W. A. Gibson Sr. and Mrs. Van Della Gibson were the father and mother of the petitioners and of John C. Gibson, one of the defendants, and of W. A. Gibson Jr., from whose estate the defendant Mrs. Louise Dunn Gibson now holds under a year's support; that John C. Gibson has conveyed all of his interest in both of the said tracts of land to Mrs. Mary Wright Gibson, and for that

reason she is named as a defendant; that ordinarily each of the children of W. A. Gibson Sr. and Mrs. Van Della Gibson would be entitled to a one-seventh undivided interest in each of said tracts of land as an heir at law, the interest of John C. Gibson in both tracts of land being held by Mrs. Mary Wright Gibson, and the interest of W. A. Gibson Jr. being held by his widow; that John C. Gibson, Mary Wright Gibson, and W. A. Gibson Jr. conveyed to Martha Davis, Sallie Mae Allen, Mary Gibson, and Rosa Snider 475 acres, more or less, of described land in the 1169th district G. M. of Glascock County; that Martha Davis, Sallie Mae Allen, Mary Gibson, and Rosa Snider conveyed to Mary Wright Gibson and W. A. Gibson 325 acres, more or less, of described land in the 1169th district G. M. of Glascock County; that in both of these conveyances the standing timber on both tracts of land was not dealt with, but was especially reserved to be equally divided between the heirs at law of Mrs. Van Della Gibson; that John C. Gibson and W. A. Gibson Jr. cut from the said land, as the estate of W. A. Gibson Sr., timber of the value of $2,900, and from the lands described as the estate of Mrs. Van Della Gibson timber of the value of $2,600; that in the partition of said property the value of such timber as was cut should be accounted for by the defendants; that John C. Gibson and W. A. Gibson Jr. got the entire proceeds from said timber, amounting to $5,500, and this amount was more than sufficient to absorb their interests or shares in said estates, both of said shares being worth less than $5,500; that petitioners are proceeding under section 5358 of the Code of Georgia of 1910, desiring a partition of the said described property and an accounting of the rents and profits from the timber which was cut by John C. Gibson and W. A. Gibson Jr., so that the same may be charged against the undivided interests of the defendants; that the estate of Dr. W. A. Gibson Sr. is to be equally divided among Martha Davis, Sallie Mae Allen, Mary Gibson, Rosa Snider, Mary Wright Gibson, and C. S. Gibson; that the 325 acres above mentioned is to be divided equally between Mary Wright Gibson and C. S. Gibson; that all of the timber standing on the entire estate left by Mrs. Van Della Gibson, whose estate has been administered and the property sought to be partitioned delivered over to her heirs at law, standing on the 800 acres described as having been owned and possessed by Mrs. Van Della Gibson at the time of her death on December 8, 1922, should be divided into seven equal parts

among Martha Davis, Sallie Mae Allen, Mary Gibson, Rosa Snider, Mary Wright Gibson, C. S. Gibson, and Mrs. Louise Dunn Gibson, subject to an accounting on the part of the defendants as to the timber already cut and sold; that as the timber involved in the partition proceedings stands partly on land now sought to be divided and partly on land to be divided between only two of the parties involved in the proceeding, it is impossible to make a division in kind of said timber without having a sale thereof and a division of the proceeds. The petitions prayed, that in making partition of the timber and real estate described in the petition such rents, profits, and proceeds from the sale of timber received by any of the defendants be charged against the interest of such defendant; that a commissioner be appointed to sell the timber described in the petition under such terms as the court shall provide, and that the proceeds therefrom be held subject to the final disposition of the case; that the court, upon a hearing and determination of the issue involved, appoint partitioners to make division among the six remaining tenants in common as shall seem just in the premises, and that in making such division an accounting for rents and profits be made as to the shares of W. A. Gibson Jr. and John C. Gibson, so as to determine what, if any, interest they shall have left in the realty sought to be partitioned; and that petitioners have such other and further relief as to the court shall seem meet and proper.

Mrs. Louise Dunn Gibson filed a demurrer on the grounds that the petition did not set out a cause of action; that it did not show any equity, and the plaintiffs had a complete and adequate remedy at law and were not entitled to equitable relief; that the petition showed on its face that the superior court of Glascock County had no jurisdiction of the defendant, that the jurisdiction was in the superior court of McDuffie County, and that the petition prayed for no substantial relief against the other defendants who were alleged to be residents of Glascock County; that it did not appear that the estate of W. A. Gibson Sr. had not been disposed of, or that his heirs named in the petition are still entitled to any distributive share thereof, or that the title to said estate is still in the heirs or legal representatives of said W. A. Gibson Sr. There were grounds of special demurrer not passed on. The court rendered judgment reciting that the petitioners had "amended their petition by converting it from an equitable petition for partition to a statutory peti-

tion for partition," and sustaining the general grounds of demurrer. The petitioners excepted, and the case is before this court by writ of error.

The petition after amendment was not converted into a cause of action at law. It remained a cause of action in equity for partition under the Code of 1933, § 85-1504 (Code of 1910), § 5358). In *Griffin* v. *Griffin*, 153 *Ga.* 547 (113 S. E. 161), it was held: "Where a tenant in common applies to the superior court to have certain land so held partitioned and to have an accounting between the tenants in common under § 5358 of the Civil Code of 1910, such a proceeding is in the nature of a proceeding in equity in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, including their respective titles to the land; to have an accounting for rents and profits, awarding partition, etc." In the opinion it was stated: "As early as the case of *Griffin* v. *Griffin*, 33 *Ga.* 107, this court held that 'Upon an application to the superior court for partition of land by joint tenants, or tenants in common, under the act of March 26, 1767, it is proper for that court, in case of a contest, to go into a consideration of the title, both legal and equitable, and award or refuse the writ, according to the proof made.' In delivering the opinion of the court Lyon, J. said: 'The proceedings, under that act (1767), for partition of lands, are in the nature of a proceeding at equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in chancery for that purpose. If there be a dispute as to the facts, as there is likely to be in a case like this, the court can direct an issue to be made up, and at once tried by a jury.' "

In the present case a number of persons are interested, some holding as heirs of the original cotenants, some as purchasers, and one under a judgment for a year's support; and the petition recites that a quantity of timber has been cut and sold by one or more of the cotenants, who received stated sums of money in excess of the value of their interest in the land; and it is sought to have these parties account for the money thus received, and to have it set off against the value of the interest possessed by them as cotenants under the

partition proceeding. The statutory provisions for partition are entirely inadequate for the relief sought. Whether the petition constituted a cause of action in equity or at law depended upon the character of the relief sought. *Steed* v. *Savage,* 115 *Ga.* 97; *Mulherin* v. *Neely,* 165 *Ga.* 113 (139 S. E. 820) ; *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862), and cit. The petition contains allegations and prayers sufficient to constitute a cause of action in equity. It follows that the court erred in rendering a judgment dismissing the action on the ground, among others, that petitioners had "amended their petition by converting it from an equitable petition for partition to a statutory petition for partition." Moreover, where a petition sets out a cause of action for legal relief only, it is error to dismiss it as a whole on the ground that it sets forth no cause of action for equitable relief. In such a case that part of the petition seeking equitable relief should be stricken, leaving a cause of action for statutory relief. *Logue* v. *Gardner,* 152 *Ga.* 356 (110 S. E. 25) ; *Smith* v. *Manning,* 155 *Ga.* 209 (116 S. E. 813) ; *Smith* v. *Hancock,* 163 Ga. 222 (2), 228 (136 S. E. 52), and cit.

■ The second headnote need not be elaborated.

*Judgment reversed. All the Justices concur.*