ADAMS v. BUTLER et al.

Where one of the heirs at law of a named decedent filed a petition alleging that he and certain other heirs were common owners by descent of certain lands, the court did not err in dismissing the petition and in revoking the order authorizing the writ of partition, upon motion made at the first term of the superior court after the return of the partitioners, where the petition on its face failed to show a perfect equity in the lands in the estate of the decedent from whom it is contended the property descended to the parties alleged to be common owners, but did show the legal title to be in another.

NOVEMBER 19, 1910.

Partition. Before Judge Mitchell. Thomas superior court. October 21, 1909.

Thomas Adams brought his petition for partition, alleging that his father, Thomas Adams, died on the 6th day of January, 1905, leaving, as his only heirs and distributees of his estate, Georgia Adams, his wife, and eight children, including petitioner. Mrs. Georgia Adams, the wife, died on November 5, 1905. All of the heirs at the time of filing the petition had attained their majority. The property which petitioner sought to have partitioned consisted of a tract of land in Thomas county, which, it is alleged, had been bought with the proceeds arising from the sale of another tract of land, which, in the year 1869, Thomas Adams, the father of petitioner, who was the owner of the tract of land last referred to, had duly set apart as a homestead for himself as the head of a family

consisting of his wife and his eight minor children, who are in this petition alleged to be tenants in common. The body of land set apart as a homestead was sold in the year 1882 for the purpose of reinvestment, and the proceeds arising from the sale of a portion of the homestead estate, which was sold upon the joint petition of Thomas Adams and Georgia Adams, were reinvested in a tract of land containing 450 acres, being a part of lot No. 226, in the 13th district of Thomas county. The deed to the property thus purchased was made and executed to Georgia Adams alone; "the said tract of land [embraced in this conveyance] to stand in place and in stead of land theretofore set apart by Thomas Adams and Georgia Adams, as aforesaid." At the time of the death of Thomas Adams all of his children were of full age, and his wife, Georgia Adams, was the sole beneficiary under the homestead. Thomas Adams owed no debts at the time of his death, and there was no necessity for administration of his estate.

Upon due proof being submitted that notice had been given as required under the provisions of the Civil Code, § 4788, and after examination of petitioner's title, the writ of partition in the usual form was issued by the court, directed to five freeholders. The partitioners named made their return and recommended to the court a sale of the entire premises and a division of the proceeds, instead of a partition of the lands. At the first term after the return of the partitioners was made, certain of the alleged cotenants of the partitioner filed their objections, and made an oral motion to "dismiss the writ of partition and to strike and dismiss the order granting and directing the issuance of the writ of partition," upon various grounds; among others: "Because the plaintiff's application fails to set out a clear title to the property sought to be partitioned, in that the plaintiff's application shows on its face that there is a cloud upon the title to the property sought to be partitioned. Because the plaintiff's application prays for a writ of partition to be ordered and issued upon the allegation that the plaintiff and defendants named are the owners, as sole heirs at law of Thomas Adams, of an undivided one-eighth interest each in the property described, when in fact the allegations of the petition show that the plaintiff and others named are not in law and in fact, upon the allegations of the petition, the owners in common, or otherwise, of an one-eighth undivided interest in the property. . . Because plaintiff's ap-

plication fails to show by any allegation any reason why the heirs, or estate, of Georgia Adams are not parties to the application for partition. . . Because plaintiff's application shows on its face that there is a paramount outstanding title to the property sought to be partitioned, and that the said title is alleged and set up in the application praying for the partition. And because plaintiff's application shows on its face that the applicant is not entitled to the writ of partition, because the conveyance recited in plaintiff's application discloses an outstanding antagonistic title, and no legal reason appears in said petition, that said outstanding title has ever been by any court reformed, rescinded, or adjudged or decreed to be void." Upon consideration the court granted the motion and revoked the order directing the issuance of the writ of partition. To this ruling the petitioner excepted.

*Theodore Titus,* for plaintiff.

*S. A. Roddenbery* and *Roscoe Luke,* for defendants.

BECK, J. (After stating the facts.) On the face of the petition it appears that there is an outstanding title to the property which the petitioner sought to have partitioned. While the fact that lands, bought with the proceeds arising from the sale of other lands which had been set apart as a homestead and which are sold for the purpose of reinvestment, are impressed with the character of homestead lands, so far as relate to creditors and to the beneficiaries of the homestead, even where the deed to the land purchased with the proceeds arising from the sale of the homestead property is taken in the name of the wife alone, it does not necessarily follow that after the death of the wife, and the attainment of their majority by the minor beneficiaries under the homestead, a complete and perfect equity to the lands, the equivalent of a legal title, is vested in the head of the family who was the owner of the land originally set apart as a homestead. Mrs. Georgia Adams, the wife of Thomas Adams, the father of petitioner, was vested with the legal title to the property in controversy. Whether or not she had the equitable title as well, after the extinguishment of the homestead interest, would depend upon the circumstances under which the deed was executed. Whether or not it was executed under such circumstances as would, under the provisions of § 3160 of the Civil Code, vest her with the equitable title, is not here for decision at this time; nor is the question as to whether the deed to Mrs.

Georgia Adams, conveying the land which was bought with the proceeds of the sale of the homestead, was executed under circumstances showing mistake relievable in equity, so as to authorize a decree revesting the title to the property in the estate of Thomas Adams, the father, presented in this record; and it could not have been presented in the proceedings as they stood when before the court below, inasmuch as there were no proper parties before the court or pleadings authorizing a decision of that question. We go no farther in this decision than to affirm the ruling of the court below, being of the opinion that upon the statement of facts in the petition which was dismissed there was no such showing of title in Thomas Adams, the father, or his estate, as to have a partition of the lands between the petitioner and the other children of Thomas Adams Sr.; and the state and character of that title should be ascertained and fixed before the property is divided under partition proceedings or brought to sale in case a division in kind is not practicable.          *Judgment affirmed. All the Justices concur.*