## RUTLAND v. RIDGDILL et al.

1. Where one as tenant in common is the owner of one undivided half interest in certain described lands, the other undivided half interest having been set apart as a homestead; the individual owner of the one-half undivided interest is entitled, upon application and due notice, to have a partition of the property, and, where it is not susceptible of division in kind, to a sale of the property and a division of the proceeds between himself and the other tenant in common.

2. The notice given in this case was sufficient.

3. The court did not err in refusing an injunction sought to restrain the

sheriff from putting the purchasers at the sale under partition proceedings in possession.

No. 2792. APRIL 12, 1922. REHEARING DENIED MAY 20, 1922.

Equitable petition. Before Judge Eve. Tift superior court. July 23, 1921.

*John Henry Poole,* for plaintiff.

*Smith & Christian,* for defendants.

BECK, P. J. Mrs. Clifford Rutland filed her petition against J. S. Ridgdill, S. F. Mitchell, and J. M. Shaw, sheriff of Tift County, and prayed for injunction and other equitable relief. It appears, stating briefly the substance of the petition, that one Martin owned one undivided half interest in a tract of land containing 80 or 90 acres; the other half undivided interest had been set aside as a homestead upon the petition of Mrs. Rutland, it being alleged in the petition therefor that her husband refused to make the application. There were two minor children also, who were beneficiaries of this homestead. Martin, owning one half interest in the lands, made application for partition under the provisions of the statute. The notice of the partition proceedings was directed to " J. C. Rutland, Mrs. Clifford Rutland, and J. C. Rutland, head of a family under homestead." Upon hearing the application for partition upon evidence submitted, it appearing that a division in kind of the land was impracticable on account of the character of the improvements thereon and other facts, it was ordered that the lands be sold. The court appointed three commissioners to advertise and sell the property, and further ordered that after the sale divisions of the proceeds of the same be made by the commissioners, one half of the amount to be paid to Martin and the other half to " J. C. Rutland, Mrs. Clifford Rutland, and J. C. Rutland, head of a family under a homestead, and other tenants in common, according to an order which I shall later pass in this matter." And it was also ordered that the commissioners hold the " trust fund " until the further order of the court. The property was sold and brought the sum of $1,600, about one half of its value, according to the allegations of the equitable petition. The court approved the sale, reciting in the order that it appeared that the amount for which the property was sold was its fair market value. It was also ordered that the interest of J. C. Rutland, as head of a family under homestead in this trust fund, be

turned over to the ordinary of the county until the further order of the court, and the other half be turned over to Martin. The court further ordered that the sheriff of the county be required to place the purchasers at the sale in possession of the lands described. The petitioner prayed injunction against the order requiring the sheriff to place the purchasers at the sale under partition proceedings in possession. The court, after hearing the case, refused an injunction.

We are of the opinion that the court properly refused an injunction. While under our law the sale of homestead property, except for certain specified purposes, is prohibited, this sale was not in conflict with that law. The homestead interest in this case was an individed half interest, and the interest of the beneficiaries of the homestead in the property thus set apart was not divested by this sale. Martin, the tenant in common, had the right, under our statute making provision for the partition of lands owned by tenants in common, to a partition of the lands. The fact that a homestead had been set apart in the other undivided half interest in the land could not operate in law or in equity to deprive him of the right of enjoyment of his property in accordance with the law; and as the property was not susceptible to division in kind, for the reasons alleged and shown to be true, the court was authorized to order a sale of the land as provided in the order actually granted. This sale took place and was effectual to convey the title to the purchasers at that sale, the sale having been confirmed by the judge.

And we think the homestead estate was bound. The notice which the statute provides shall be given in partition proceedings was, in this case, directed to J. C. Rutland, the husband of petitioner, as head of a family under homestead, and to J. C. Rutland individually, and Mrs. Clifford Rutland, the latter being the one upon whose petition the homestead was set apart. The use of the expression, "under homestead," and the other contents of the notice, showed clearly that the parties named in the notice were called upon to make a showing as to why the partition should not be had, and of any other fact that would have protected the homestead interest; and after having received such notice as this, the same having actually been served upon them, they are not in a position to invoke the order of a court of equity, after a sale in accordance with an order granted, to restrain the officers of the law from enforcing a duly

granted order. The judge of the superior court has undertaken by his order to safeguard the one-half of the proceeds of the sale, which is in the nature of a trust fund. The petitioner in this case makes no offer to do equity, but stands squarely upon the statute prohibiting the sale of a homestead estate except for specified purposes. The sale here, as we have indicated above, is not of petitioner's interest in the property, strictly speaking, but is merely the means of separating that interest from the interest of another owner, so that each can have and enjoy what belongs to them. It was not a sale in contravention of the statute, but was a determination, in a judicial proceeding, of the rights of each, and a separation of their individual interests, so as to put these interests at the command of the rightful owners.

*Judgment affirmed. All the Justices concur.*