HILL *et al. v.* McCANDLESS *et al.*

JENKINS, Presiding Justice. 1. Under the authority of *Cates* v. *Duncan,* 181 *Ga.* 686 (183 S. E. 797), *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67 (3 a) (121 S. E. 105), and the Code, § 37-301, this court retains jurisdiction of the bill of exceptions, since the scope of the pleadings embraces not only a statutory application for partition but a prayer for equitable accounting between tenants in common for rents, profits, and waste.

2. In any proceeding for partition, the owner or owners asking for the same shall by petition in writing plainly set forth the facts and circumstances which authorize the proceeding, describing the premises to be partitioned, and defining the share and interest of each of the parties therein. Code, § 85-1504. The party or parties applying for the writ shall give the other parties concerned therein twenty days' notice of an intention to make such application. § 85-1506. Any of the defendants or persons concerned, against whom or whose right or title a judgment is sought, may file objections to the right of the applicant and the writ of partition, or to the return of the partitioners, and may, by way of defense, show any good and probable matter in bar of the petition asked for. § 85-1509.

3. Under the foregoing statutory provisions, in order for a partition proceeding to be maintainable, the applicant must not only show title in himself to a specified interest in the property sought to be sold or divided, but must name as defendant each of the other persons who may own an interest therein, and set forth their respective interests. Accordingly, even though an applicant may correctly set forth his own interest in the property which he seeks to have sold for the purpose of partition, and even though he names as defendant another person, and correctly sets forth the interest in the property belonging to him, such defendant may appear for the purpose of showing that another and different person, not named as a defendant, and not served, has an interest in the property, and that therefore the applicant is proceeding illegally. This is true for the reason that a sale under a partition proceeding does not have the effect of setting aside or annulling an interest which may be held by a person not made a party to the proceeding (*Watkins* v. *Gilmore,* 130 *Ga.* 797 (4), 62 S. E. 32; *Childs* v. *Hayman,* 72 *Ga.* 791; *Teasley* v. *Hulme,* 150 *Ga.* 495, 498, 104 S. E. 151, 12 A. L. R. 641); and such tenants in common as are in fact made parties have an interest in seeing that the sale of the property is legally had, in order that purchasers may be encouraged and not discouraged to bid at the sale.

(*a*) As an extension to the rule just outlined and for the same stated reasons, any such named defendant may, under the language of the statute quoted in the second division of the syllabus, "show any good and probable matter in bar of the partition asked for," and to this end he may show that, under the petition of the applicant, and especially under the additional state of facts as set forth by him, some other and different person may or may not have an interest in the property in accordance with the existence or non-existence of still additional facts; the truth with respect to which being unknown to the objecting defendant, and not being set forth or disclosed in the petition of the applicant. This is true for the reason that a prospective bidder examining the pleadings in the partition proceedings would naturally be disinclined to become the purchaser at a sale which might or might not divest the entire interest of the previous owners.

(*b*) Applying the rule last stated, where the applicant alleged that a named defendant, other than the contesting defendant, owned a designated interest in the property "as sole heir at law of her deceased father," it was proper for the contesting defendant to appear for the purpose of showing that, upon the death of said father, he left not only the daughter named as a defendant, but a widow who remains in life; and to ask that the applicant be required to set forth any facts which would negative the existence of any interest in the widow, and to make and serve her as a defendant in the case. Especially would the rule just stated be applicable where the only response by the applicant to such answer is an amendment which sets up merely that the father had died more than twenty years before the filing of the applicant's petition. Under the pleading set forth, such an equivocal amendment must be taken as tantamount to an admission that there was a widow who remains in life. This being true, the allegation that the father had been dead for the period mentioned throws no light upon the question as to whether or not an administration had been had upon his estate, and therefore throws no light upon the question as to whether the widow has elected to take, or may yet elect to take, a child's share in his estate, including an interest in the property here involved. Neither does such allegation as to the period of time which has elapsed since the death of the father throw any light upon the question of whether the widow may or may not have elected to claim a dower interest in the property involved, during the seven years succeeding the death of her husband. Nor are any of these contingencies negatived by the allegation in the applicant's petition that the daughter, upon the death of her father, "became his sole heir at law," since such would be the case irrespective of any right on the part of the widow to claim a child's part or dower, these rights being given to her in the capacity of her widowhood and not as an heir at law. In other words, all that the petition shows may be true, and yet the widow may own or may yet claim an interest in the property here involved. Under the facts set forth by the pleadings, we have a situation where a named person may or may not have an interest in the estate without any presumption of law as to whether she in fact has or has not. *Snipes* v. *Parker*, 98 *Ga.* 522 (2), 524 (25 S. E. 580); *Watkins* v. *Gilmore*, 130 *Ga.* 797, 806 (su-

pra); *Smith* v. *Smith*, 141 *Ga.* 629 (2) (81 S. E. 895). As bearing on the question generally, see the last sentence in *Adams* v. *Butler*, 135 *Ga.* 405, 408 (69 S. E. 559).

4. The applicant having failed to amend the petition making the widow a party defendant, and having refused to amend his petition by setting up facts such as would show that the widow had no right or interest in the property involved, the petition as brought, and as yet unamended so as to cure the defects, was not maintainable, and the court erred in refusing to dismiss it on the motion made by the contesting defendant. This being true, all subsequent proceedings were nugatory, and the exceptions taken to rulings thereafter made cannot properly be adjudicated. See *Wright* v. *Hill*, 140 *Ga.* 554, 569 (79 S. E. 546).

*Judgment reversed. All the Justices concur.*

No. 15044. JANUARY 5, 1945.

*Lawson E. Thompson,* for plaintiffs in error.