31853. ARMSTRONG *et al. v.* MERTS *et al.*

DECIDED FEBRUARY 14, 1948.

*Robert B. Blackburn,* for plaintiffs in error.

*Mrs. Mary J. Nelson, William F. Buchanan,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The contention of the plaintiff in error, that the Superior Court of Fulton County was without jurisdiction of the petition because no process was asked for or attached to the petition and it was not made returnable to any specific term of said court, can not be legally sustained. The petition alleged that the 20-day notice required by the Code, § 85-1506, was given to the parties at interest. "In applications for partition of 'lands and tenements in this State the party applying for the writ of partition shall

give to the other parties concerned at least 20 days' notice of intention to make application.' No other process is necessary than this statutory notice . . to bring the respondent into court to meet the application." *Anderson* v. *Anderson*, 27 *Ga. App.* 513 (1) (108 S. E. 907); *Cock* v. *Callaway*, 141 *Ga.* 781 (82 S. E. 286); Code, § 85-1506. Where application by petition is made to partition lands between tenants in common under the provisions of § 85-1504, the petition is not demurrable upon the ground that there is no process, nor prayer for process, attached to the petition. Notice and service in such cases is provided for under § 85-1506. *Griffin* v. *Griffin*, 153 *Ga.* 547 (2) (113 S. E. 161). Nor was it necessary or proper for the petition to be directed to a specific term of the court, for, if the defendant or any party concerned desired to file an objection or a defense to said proceeding, the same could be filed "at the term of the court when the application is made, or at the term next after the said partitioners have made their return." Code, § 85-1509. The trial judge properly overruled the demurrers to the jurisdiction of the court.

■ The contention of the plaintiff in error, that the petition shows on its face that the petitioners have no individual right to partition the property because the estate of R. S. Armstrong is still being administered by his executor, is likewise without merit. The petition alleged that R. S. Armstrong died March 12, 1920, and that his will was duly probated. While the date of the probate is not given, the presumption is that this was done as soon as practicable after the death of the testator. See Code, § 113-615. The petition alleged that the executors of the estate of R. S. Armstrong have assented to the vesting of the devise of the property to the petitioners and their sister. It does not appear from the allegations of the petition, as contended by the plaintiff in error, that the estate of R. S. Armstrong is still being administered and that any right to partition the property would, therefore, be vested in his executors. The petition alleged that the testator had been dead more than 27 years at the time the petition for partition was filed. This raised a presumption of assent by the executors and that there were no debts due the estate. In this connection, see *Flemister* v. *Flemister*, 83 *Ga.* 79 (9 S. E. 724); *Cozart* v. *Mobley*, 43 *Ga. App.* 630 (1) (159 S. E.

749). Moreover, the petition in this case expressly alleged that the executors of said estate had consented to the devise vesting in petitioners and their sister. "An executor's assent to a legacy divests him of the title to the property embraced therein and perfects the inchoate title of the legatee." *Peoples National Bank of Shelbyville, Tenn., v. Cleveland,* 117 *Ga.* 908 (6) (44 S. E. 20). Also, see *Walker v. Horton,* 184 *Ga.* 429 (191 S. E. 462) ; *Miller v. Harris County,* 186 *Ga.* 648 (198 S. E. 673) ; *Cull v. Cull,* 39 *Ga. App.* 164 (146 S. E. 559) ; Code, §§ 113-801, 113-802. Any right which the executors of .R. S. Armstrong had to have the property partitioned was divested by their assent to the legacy, and such right vested in the legatees. The court did not err in overruling the demurrers of the defendant in this respect.

■ The court did not err in overruling the general demurrers to the petition. The petitioners were not seeking to partition the land as devisees under the will of J. P. Armstrong, as contended by the plaintiff in error; but are seeking, as the owners of a two-sixths undivided interest therein, which they acquired as devisees under the will of R. S. Armstrong, to obtain their share of said land. The executors of the will of R. S. Armstrong, even if this estate is still in the process of being administered, have no interest in said land, for any interest they had therein was divested when they assented to the legacy and the title to said land thereupon vested in the legatees under said will to the same extent that title was vested in the testator at the time of his death. The plaintiffs were not seeking to partition the land as the holder of the remainder interest in that portion of the land owned by J. P. Armstrong at the time of his death, which estate was being administered upon by his executors; but the petition, as amended, specifically asked that the proceeds from the interest owned by the estate of J. P. Armstrong be turned over to his executors to be disposed of by them under the provisions of his will. The fact that one of the testators devised a life estate in. his undivided half interest to his widow would not prevent the holder of the other one-half undivided interest, or those claiming under him, from having the land partitioned so that they might obtain their share of said land. In this connection, see *Rutland v. Ridgdill,* 153 *Ga.* 212 (112 S. E. 278).

■ It is contended in the brief of the plaintiff in error that the

petition was defective, in that copies of the wills of J. P. Armstrong and R. S. Armstrong were not attached to the petition or set out therein, but this contention was not made in the court below and can not be raised for the first time in this court. The demurrers of the plaintiff in error to the effect that the allegations of the petition were conclusions of the pleader, unsupported by allegations of facts on which to base same, would not reach this alleged defect, but this was matter for a special demurrer. The plaintiff in error further contends that there was a nonjoinder of parties defendant, in that George A. Hendry is not a party to the proceedings, but this too was a matter for special demurrer. Moreover, since it is alleged that he no longer owns any interest in the lands sought to be partitioned, he would not be a necessary party to the proceedings. The plaintiff in error further contends in her brief in this court that the petition should have alleged whether the alleged consent of the executors of the will of R. S. Armstrong for the petitioners to take the property devised to them by said will was in writing or not. This too was a matter for special demurrer, and can not be raised for the first time in this court. However, the contention is without merit, as the assent of executors of a will for a legatee to take a devise may be written, or oral, or it may be implied or presumed from all the attendant facts and circumstances. The only special demurrers filed by the plaintiff in error were to the effect that certain paragraphs of the petition were mere conclusions of the pleader without sufficient facts alleged to support same, and none of these demurrers was meritorious.

The petition stated a cause of action and was not subject to the demurrers urged against it, and the judge did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*