## 33826. LEGGITT *et al. v.* ALLEN *et al.*

DECIDED JANUARY 23, 1952.

282

*Davis & Friedin,* for plaintiff in error.

*L. F. Beddingfield,* contra.

SUTTON, C.J. This case was taken to the Supreme Court, which ruled that the question of the constitutionality of Code § 85-1511 had been abandoned by the plaintiffs in error, and that there were no equitable features in the case, and transferred it

to this court. *Leggitt* v. *Allen*, 208 *Ga.* 298 (66 S. E. 2d, 709).

This case originated by an application for statutory partition by sale of the described property and division of the proceeds therefrom among the tenants in common in proportion to their interests. Code, §§ 85-1504—85-1515. However the demurrer raised the question of whether such a partition may be had where there is an outstanding paramount title to the property, and where the owner of such title has not been notified of the intention to make the application for partition by sale.

The petition shows that the deceased brother of the applicants and the respondents, who were his sole heirs, conveyed the property by a deed to secure debt to Mutual Benefit Life Insurance Company in 1947 for a loan of $5000, which was to be repaid in instalments of $250 per year, with interest on the unpaid principal at 4%, also payable annually. The petition alleges that the final instalment would be due in 1967.

"The party applying for the writ of partition shall give to the other parties concerned at least 20 days' notice of his intention to make application." Code, § 85-1506. It does not appear that any notice of the application for partition, as required by the statute, was given to the insurance company, which, as the grantee in the deed to secure debt, was a party concerned in whether it was to be "remitted to the proceeds" arising from the sale of the property, as prayed in the petition. Such notice is the equivalent of process in the statutory proceeding for partition, which is not in rem. *Armstrong* v. *Merts*, 76 *Ga. App.* 465 (46 S. E. 2d, 529); *Anderson* v. *Anderson*, 27 *Ga. App.* 513 (108 S. E. 907); *Griffin* v. *Griffin*, 153 *Ga.* 547 (2) (113 S. E. 161); *Cock* v. *Callaway*, 141 *Ga.* 774, 781 (82 S. E. 286). If a sale is to be made which might or might not divest the entire interest of the previous owners or lienholders, or if the petition casts doubt on the validity of the title to be acquired by a purchaser at the sale, so as to discourage bidders, the petition should be dismissed on demurrer. *Hill* v. *McCandless*, 198 *Ga.* 737 (32 S. E. 2d, 774); *Joel* v. *Joel*, 201 *Ga.* 520, 522 (40 S. E. 2d, 541); *Adams* v. *Butler*, 135 *Ga.* 405 (69 S. E. 559); *Pace* v. *Shields-Geise Lumber Co.*, 147 *Ga.* 36 (2a) (92 S. E. 755). The petition here showed that a recorded deed to secure debt was outstanding against the property sought to be partitioned; and, it

not appearing that the grantee in said deed had been properly notified of the application for partition, so as to bring said grantee into the proceeding, the petition should have been dismissed on the ground of the demurrer raising this point. The insurance company may have had a valid reason why the land should not have been partitioned and sold at that time, and it should have been notified and afforded the opportunity to interpose objections to the proceeding, if it so desired. For instance, it might have objected to the loss of future interest, to the sale of the land at a time when it may have been worth less than the amount of the debt, or to being "remitted to the proceeds" of the sale and thereby losing its rights in the property itself.

The trial judge erred in overruling the demurrer on said ground, which rendered the further proceedings in the case nugatory.

*Judgment reversed. Felton and Worrill, JJ., concur.*