22431.   POOLE et al. v. POOLE et al.

SUBMITTED APRIL 13, 1964—DECIDED MAY 7, 1964.

*Durden & Durden, P. Walter Jones*, for plaintiffs in error.
*R. B. Williamson, S. B. Lippitt*, contra.

ALMAND, Justice.   The bill of exceptions assigns error on an order sustaining general demurrers to an equitable petition seeking the partition of lands, the appointment of a receiver, an accounting and an injunction.

Emma Elizabeth Poole and four other named persons alleging themselves to be the children and issue of children of W. J. Poole and Mrs. R. A. C. Poole brought their petition against Claude F. Poole III and two other named parties, wherein they alleged that the defendants and others not named as parties were the owners of a certain described tract of land in Land Lot No. 61 of the 7th District of Worth County and prayed for an equitable partition.

Among the several grounds of general demurrer filed by the defendant was that the petition shows a want of necessary, essential and indispensable parties.   The court sustained all of the general demurrers and dismissed the petition.

4

1. (a) In any proceeding for partition under Chapter 85-15 of the Code of 1933 the owners seeking it are required in their petition to plainly and distinctly allege the facts and circumstances of the case, describing the premises to be partitioned "and defining the share and interest of each of the parties therein." § 85-1504. An application for partition and accounting under this chapter is in the nature of a proceeding in equity. *Griffin v. Griffin,* 153 Ga. 547 (113 SE 161). In *Hill v. McCandless,* 198 Ga. 737 (32 SE2d 774), this court held that a petition for equitable partition should have been dismissed on the motion of the defendant where the partition disclosed that one cotenant was not made a party to the case. In *Jackson v. Jackson,* 208 Ga. 592 (2) (68 SE2d 469) this court held: "The evidence showing that there were other heirs who would be necessary parties to partitioning but who were not parties to this action, the court did not err in withdrawing from the jury count two praying that the land be partitioned. *Jones v. Napier,* 93 Ga. 582 (20 SE 41); *Wright v. Hill,* 140 Ga. 554 (79 SE 546); *Hill v. McCandless,* 198 Ga. 737 (32 SE2d 774)."

The petition alleged that the 436.5 acre tract of land was owned by W. J. Poole and that he died in 1926 intestate leaving as his heirs his wife Mrs. R. A. C. Poole and eleven children. There was no administration of his estate. It was alleged that W. J. Poole executed a warranty deed to his wife Mrs. R. A. C. Poole conveying one half of Land Lot 61 in the 7th District of Worth County, which was not recorded until 1952. It was alleged that this deed was void because the deed was never delivered to the grantee. It was alleged that Mrs. R. A. C. Poole subsequently executed warranty deeds to several different parties conveying parcels of the tract of land that the plaintiffs claim to own as tenants in common. It affirmatively appears from the petition that, though W. J. Poole left as heirs his wife Mrs. R. A. C. Poole and eleven children, only six of the children or their issue are named as parties to the case. No reason is given as to why the widow or the other five children were not made parties. Such parties under the allegations of the petition are cotenants and indispenable parties to the proceeding for partition.

(b)  The petition further discloses that before partition could be granted in this case it would be necessary for the court to cancel or reform five deeds executed by Mrs. R. A. C. Poole and neither the grantor nor the several grantees are parties to the case.  They are indispensable parties to a suit seeking reformation or cancellation of these deeds.  *Wyche v. Green,* 32 Ga. 341; *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524).

The petition being subject to the ground of general demurrer for the want of necessary, essential and indispensable parties, it is unnecessary to determine whether it was subject to any one of the other eight grounds of the general demurrer.

*Judgment affirmed.  All the Justices concur.*