22573.  BRINSON v. THORNTON et al.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*Forester & Calhoun, Gainey & Gainey,* for plaintiff in error. *Frank C. Vann, Bell & Baker,* contra.

HEAD, Presiding Justice. On June 13, 1962, Roy Brinson filed an equitable petition in Grady County against Mrs. Clara B. Thornton, Robert Brinson, J. T. Mills, Drew Mills, Bowen Brin-

son, Mrs. Sara B. Nazworth, Cleve Brinson, Cliff Brinson, Jesse Brinson, F. C. Brinson, Mrs. Louise B. Little, C. H. Nazworth, Leland Harrison, Jimmy T. Hicks, Carl Minter, John Legette, Thornton King, G. B. Trulock, doing business as Whigham Banking Company, and Pelham Banking Company. The petitioner asserted that he was the owner and in possession of a described tract of land, and sought: the setting aside of a judgment of the Superior Court of Grady County, dated June 2, 1961, confirming a sale of the property in a partition proceeding; the cancellation of the deed made pursuant to the sale and subsequent deeds; the specific performance of a contract as against three defendants; the dismissal of a dispossessory warrant by C. H. Nazworth against the petitioner; a judgment against all of the defendants confirming the title of the petitioner; and other relief. At the conclusion of the trial the judge directed a verdict against the petitioner. The petitioner excepts to the denial of his motion for new trial, which asserted that there were issues of fact which should have been submitted to the jury, and assigned as error the admission in evidence of an order of the trial judge in regard to the service in the partition proceeding.

The property claimed by the petitioner was conveyed on October 8, 1909, by T. T. Mills to Mittie Brinson for life, with remainder to her heirs. The petitioner and Mrs. Clara B. Thornton, Robert Brinson, J. T. Mills, Drew Mills, Bowen Brinson, Mrs. Sara B. Nazworth, Cleve Brinson, Cliff Brinson, Jesse Brinson, F. C. Brinson, and Mrs. Louise B. Little were the heirs of Mrs. Mittie Brinson and the common owners of the land at the time of Mrs. Brinson's death in February, 1951. It is the contention of the petitioner that in March, 1951, the heirs of Mrs. Mittie Brinson agreed that if the petitioner, who had been living on the property with his mother prior to her death, would pay the bills for the last illness and funeral expenses of Mrs. Brinson, they would convey to him their interest in the property; that he paid all of the bills under the agreement; and that all of the heirs except Mrs. Clara B. Thornton, J. T. Mills, and Drew Mills, executed a deed to him.

On October 28, 1960, Mrs. Clara B. Thornton filed a petition

in the office of the Clerk of the Superior Court of Grady County seeking a partition by sale of the property, in which she named the heirs of Mrs. Mittie Brinson as the owners of the property. The petitioner was alleged to be one of the cotenants. On June 2, 1961, the trial judge confirmed a sale of the property to Sara B. Nazworth and her husband, C. H. Nazworth, for $5,000. The petitioner was mailed a check in the sum of $419.80, representing a one-eleventh interest in the property. This check was retained by the petitioner, but has not been cashed.

1. The petitioner contends that the decree of the court in the partition proceeding was void because he was not served with process or notice of the proceeding, did not waive service therein, and did not appear and plead therein. He asserts that the deed made by Jimmy T. Hicks, Carl Minter, and John Legette, as commissioners, to C. H. Nazworth and Mrs. Sara B. Nazworth, a deed made by the Nazworths to Thornton King conveying a part of the land, and security deeds made by the Nazworths and Thornton King are all void as against the petitioner.

Counsel for the petitioner contend that the partition proceeding was an equitable one, and that the petitioner should have been served with process. *Code* § 85-1501 provides that: "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Counsel assert that the petition for partition was in equity because it alleged that there was some uncertainty about all parties having an interest in the land and prayed for the appointment of a guardian ad litem for unnamed parties at interest, and it alleged that the property could not be partitioned by metes and bounds. These allegations did not make the petition an equitable one for partition. *Code* § 85-1511; *Green v. Woodall,* 136 Ga. 68 (70 SE 869) ; *Oswald v. Johnson,* 140 Ga. 62 (78 SE 333, AC 1914D 1) ; *Anderson v. Anderson,* 27 Ga. App. 513 (3) (108 SE 907).

In the statutory proceeding for partition of lands no process is required to be attached to the petition, but the party applying for the writ of partition is required to give at least twenty days' notice of his intention to make application for partition. *Code*

§ 85-1506; *Lochrane v. Equitable Loan & Security Co.*, 122 Ga. 433, 438 (50 SE 372); *Griffin v. Griffin*, 153 Ga. 547 (2), 552 (113 SE 161).

The uncontradicted evidence shows that Frank C. Vann, attorney for Mrs. Clara B. Thornton, on or about November 12, 1960, sent the petitioner a registered letter notifying him that the attorney was filing a petition for partition on behalf of Mrs. Thornton. This letter was addressed to the petitioner at Route One, Whigham, Georgia, and was returned to the attorney marked "Unclaimed." On cross examination the petitioner testified that his address was Route One, Whigham, Georgia. He admitted that a registered letter came to him, that he "figured" what it was because his brother got one, that he sent the letter back to Mr. Vann, that he attended two hearings on the partition proceeding, and was present when the property was sold before the courthouse.

*Code* § 85-1515 provides: "When proceedings have been instituted, and judgment of partition had thereon, according to the regulations prescribed in this Code, and any one of the parties in interest is a minor or a lunatic who has no guardian, or is absent from the State during such proceeding, or has not been notified thereof, such minor or lunatic may, within 12 months after coming of age, or after restoration of mind, or having a guardian appointed, and such absent or unnotified party may, at any time within 12 months after rendition of the judgment, move the court to set aside such judgment on any of the grounds upon which a party notified and free from disabilities might have resisted the judgment upon the hearing, as hereinbefore authorized, and the issue shall be tried and the subsequent proceedings shall be the same as pointed out in cases of objections filed to the return of the partitioners before judgment; and if such motion to set aside the judgment is not made within the time aforesaid, such judgment shall be as binding and conclusive upon such minor, lunatic, absent or unnotified party, as if he had been notified, present, or free from disability. In no event shall such subsequent proceedings affect the title of a bona fide purchaser under a sale ordered by the court."

The petitioner was named as a party in the partition proceeding, and had actual notice of the pendency of the proceeding. He attended the hearings, was present at the sale, and remained entirely silent in regard to any claim that he had to the property. He did not move to set aside the judgment confirming the sale of the property within the twelve months allowed by *Code* § 85-1515 on the ground that he was an unnotified party. There is nothing in the evidence to show any fraud in the partition proceeding. The evidence demanded a finding that the petitioner, with actual knowledge of the partition proceeding, allowed it to proceed to the final confirmation of the sale without protest of any kind. He can not now set it aside on the ground that he was not notified.

2. The petitioner invokes the principle that: "Where a grantor conveys land in which he has no interest and later acquires title, the after acquired title will vest in the first grantee as against subsequent purchasers." *Dillard v. Brannan*, 217 Ga. 179 (2) (121 SE2d 768). He contends that since Mrs. Sara B. Nazworth was one of the former cotenants who signed the warranty deed to him, if she obtained title under the partitioning proceeding, such title would vest in him. We recognize the rule asserted by the petitioner, but this rule has no application to the facts of the present case. The deed to the petitioner from some of the former cotenants of the property was executed by them during the months of March and April, 1951. The deed was recorded October 12, 1961, and the petitioner testified that he obtained possession of it in September, 1961. The confirmation of the sale in the partition proceeding was on June 2, 1961. The partition proceeding could not be good in part and bad in part. It could not vest the title in C. H. Nazworth and Mrs. Sara B. Nazworth without divesting all title, both legal and equitable, from all of the former cotenants, including the petitioner.

3. Since the verdict in the equitable case now under review was demanded by the evidence, it is unnecessary to decide whether the trial judge erred in allowing in evidence his order that the affidavit of Frank C. Vann, attorney for Mrs. Clara B.

Thornton in the partition proceeding, be recorded nunc pro tunc as a part of the partition proceeding.

*Judgment affirmed. All the Justices concur.*