## 32532. SEYMOUR v. PRESLEY et al.

BOWLES, Justice.

This is an interlocutory appeal from an order of the Superior Court of Putnam County. The principal issue before this court is whether the lower court erred in determining the interests of the parties to a tract of land and its proceeds, arising out of partitioning proceedings.

Subsequent to the filing of appellees' complaint, the parties agreed upon the following stipulations of fact: John P. Presley died testate on December 19, 1928, survived by his eight children, who were his sole heirs at law. His wife, Mary Louise Presley, predeceased him in 1927. Mr. Presley's last will and testament was duly probated in the Court of Ordinary of Putnam County, Georgia and it is the property referred to in Item IV of that last will and testament that prompted the action.

Item IV reads as follows: "I give and bequeath and

devise unto my daughter Frances Presley Turk, that tract of land containing 110 acres, known to me as the School House Tract. . . for and during her natural life only, and at her death it is my will that her husband, L. L. Turk, shall have this tract of land for his life or until he marries again; at the death of L. L. Turk, that is the termination of his life estate or his remarriage, then this tract of land shall revert and become a part of my estate."

The will also contained a residuary clause (Item VII) which reads as follows: "I bequeath and devise all my personal property of whatsoever nature to my wife, Mary W. Presley, in fee simple, and I also make her the residuary legatee of this my estate, that is all property not herein specifically disposed of I will and devise unto her in fee simple and without limitation."

Under Item IV, Frances Presley Turk was named the life tenant of the School House Tract. Her husband, L. L. Turk, predeceased her and, as he did not live to enjoy any interest, the right to possession of the School House Tract remained in Frances Presley Turk until her death.

Between the death of the testator and the death of Frances Presley Turk, the following events and transactions relevant to the testator and his wife's eight children occurred.

(1) James Oscar Presley died intestate in 1936 or 1937. He was not survived by a widow or by any lineal descendants and left as his heirs at law his seven surviving siblings.

(2) Edgar M. Presley died intestate in 1939 and was survived by his three children, Mrs. John Strange, Mrs. E. L. Toulsen and Miss Sarah Presley, who are his sole heirs at law. In 1950 these children executed and delivered quitclaim deeds conveying their interest in the subject property to the appellant.

(3) James Walker Presley died intestate in 1942, leaving his widow, Lillie Mae Strange Presley, and seven children, namely, Julia Belle Lott, Emma Jean Petty, Olin C. Presley, William Presley, John T. Presley, James T. Presley, and Mark W. Presley. The widow and all seven children are now in life and it is these seven children who are the appellees herein.

(4) Will Reed Presley died intestate in 1948. He was

not survived by a widow or any lineal descendants and he left surviving as his heirs at law his four surviving siblings, the three children of his deceased brother, Edgar Moses Presley, and seven children of his deceased brother James Walker Presley.

(5-7) Josie L. Presley, Charles G. Presley and J. C. Presley executed and delivered in 1950 quitclaim deeds conveying their interest in the contested property to the appellant. Josie died in 1956, Charles in 1958 and J. C. Presley in 1961, all without children.

(8) In 1950, Mrs. Frances Presley Turk executed and delivered a deed conveying her interest in the contested property to the appellant. She died in 1974 leaving as her sole heir at law her daughter, Sarah Frances Turk Floyd.

Based on the stipulated facts, the trial court entered an order declaring that only those conveyances by quitclaim deeds executed and delivered by the children of Edgar M. Presley who were alive at the death of the life tenant were good and valid. Further, those quitclaim deeds executed and delivered to the appellant by children of the testator who were deceased at the death of the life tenant were void and of no effect because no interest vested in them prior to the termination of the life estate.

The court further found that all the children of the testator being deceased, their children (the testator's grandchildren) took their parents' shares per capita. There being eleven grandchildren, the court granted appellant 3/11ths interest in the tract, being the interest conveyed to him by the three living children of Edgar M. Presley, and granted the remaining 8/11ths to the appellees.

Appellant appeals the lower court's order and assigns as error its determination of the proportionate interests of the parties.

1. In construing a will, the court must strive to find the testator's intention; for it is the cardinal rule of will construction that his intention shall govern. Code Ann. § 113-806; *Carnegie v. First Nat. Bank of Brunswick,* 218 Ga. 585, 589 (129 SE2d 780) (1963). Where the language of a will is clear, however, and can be given legal effect as it stands, the court will not, by construction, give the will a different effect. *McClelland v. Johnson,* 211 Ga. 348 (86

SE2d 97) (1955); *Veal v. King,* 216 Ga. 298, 301 (116 SE2d 223) (1960).

In the present case, the language contained in Item IV is clear and unambiguous, in that it grants Frances Presley Turk a life estate in the School House Tract. Upon her death it was the testator's will that the School House Tract go to Frances Presley Turk's husband, L. L. Turk, for his life or until he remarried. At his death, "that is the termination of his life estate or his remarriage," the tract was to revert and become a part of the testator's estate. Because L. L. Turk predeceased his wife, his right to a successive estate for life terminated. Therefore, the life estate given Frances Presley Turk was the only life interest that came into being. The remainder interest in the tract or the interest that was not specifically devised, was, by the terms of the will, vested in Mary L. Presley the wife under Item VII assuming she survived the testator.

In defining an estate in reversion, Code Ann. § 85-701 states: "The rights of a reversioner are the same as those of a vested remainderman in fee." The reversionary interest of the residuary legatee was a vested interest, although the right to possession was postponed until the death of the life tenant.

Had the testator's wife survived him, she would have taken a fee simple interest in the School House Tract by way of reversion pursuant to the residuary clause. However, because she predeceased the testator, we are presented with another question, involving lapse.

Georgia has an anti-lapse statute which applies when a legatee or devisee dies after the will is made but before the death of the testator. In such a situation, the legacy or devise does not lapse, provided the devisee leaves children or descendants of children living at the time of the death of the testator. The ultimate effect of Georgia's lapse statute is that the devise *vests in the issue* in the same proportions as if inherited directly from their deceased ancestor. Code Ann. § 113-812. Those who are entitled to the devise will take as substituted beneficiaries, and not as heirs of the deceased legatee. *Newton v. Bullard,* 181 Ga. 448, 452 (182 SE 614) (1935).

Here, the residuary legatee died before the testator but after the will was executed. At the death of the

testator she had eight living children, who are her issue. In this situation, Code Ann. § 113-812 applies and prevents the devise from lapsing. Therefore, the reversionary interest in the subject lands vested in the issue of Mary L. Presley in the same proportions as if it had been inherited by them directly from her.

Our law favors the vesting of interests at the earliest possible time. Code Ann. § 85-708; *Busbee v. Haley,* 220 Ga. 874, 878 (142 SE2d 786) (1965); *Crumley v. Scales,* 135 Ga. 300 (69 SE 531) (1910).

These children held vested interests in the reversion from the time of the testator's death, although their right to possession was postponed until the death of the life tenant in 1974.

The owners of the vested interests could sell and transfer by deed the interest they had in the land. Code Ann. § 29-103; *Shockley v. Storey,* 185 Ga. 790 (196 SE 702) (1938). The interest of each also passed to their respective heirs at their deaths. Code Ann. § 85-704; *McDougald v. Kennedy,* 203 Ga. 144 (1) (45 SE2d 654) (1947); *Britt v. Fincher,* 202 Ga. 661, 664 (44 SE2d 372) (1947).

Applying these principles of law to the facts, we reach the following results: Appellant E. B. Seymour received title by quitclaim deed from those persons who comprised five of the six surviving lines of children of the residuary legatee, Mary L. Presley. Seymour, therefore, obtained a 5/6ths undivided interest in the subject lands, with the remaining 1/6th interest being vested in the heirs of James Walker Presley, deceased. The lower court erred in holding to the contrary.

2. Appellant assigns as error the court's order denying appellant's motion to dismiss for failure to join an indispensable party, namely, Lillie Mae Strange Presley. According to the stipulation of facts, James Walker Presley died intestate leaving as his sole and only heirs at law his seven children, who are the named appellees herein, and a widow, Lillie Mae Strange Presley, who was not named in the complaint. The parties further stipulated that "said widow and *all* seven children are now in life."

In any proceeding for partition under Chapter 85-15

of the Code of 1933, the applicant must not only show title in himself to a specified interest in the property sought to be divided, but *must* name as a party each of the other persons who may own an interest therein, and set forth their respective interests, Code Ann. § 85-1504. "Accordingly, even though an applicant may correctly set forth his own interest in the property which he seeks to have [divided] for the purpose of partition, and even though he names as defendant another person, and correctly sets forth the interest in the property belonging to him, such defendant may appear for the purpose of showing that another and different person, not named as a defendant, and not served, has an interest in the property, and that therefore the applicant is proceeding illegally." *Hill v. McCandless,* 198 Ga. 737 (32 SE2d 774) (1945); *Jackson v. Jackson,* 208 Ga. 592 (68 SE2d 469) (1952); *Poole v. Poole,* 220 Ga. 3 (136 SE2d 745) (1964).

Prior to its repeal and revision in 1968, Code Ann. § 113-903 (3) provided that, "If, upon death of the husband, there are children, or representatives of deceased children, the wife shall have a child's part, unless the shares exceed five in number, in which case the wife shall have one-fifth part of the estate. If the wife shall elect to take her dower she shall have no further interest in the realty." The above quoted section relates to all elections of widows whose husbands died intestate prior to July 1, 1969.

Under stipulations of fact entered into between the parties, James Walker Presley, an issue of the residuary legatee, died intestate in 1942, leaving a widow and seven children as his sole heirs at law. Neither the pleadings nor stipulations throw any light upon the question of whether the widow, Lillie Mae Strange Presley, elected to claim a dower interest in her husband's real estate, a child's part, or just what action, if any, was taken.

She is an indispensable party to this action so that her interest, if any, can be determined. Therefore, we hold the court erred in its determination in that regard, and in not passing an appropriate order in keeping with the provisions of the Civil Practice Act § 81A-121.

*Judgment reversed. All the Justices concur.*

Submitted July 13, 1977 — Decided September 7, 1977.

*Dickens, Mangum & Burns, Joel D. Burns,* for appellant.

*Raymond R. Burgess, Sr., James E. Sherrill,* for appellees.