## 66457. PARTRIDGE v. PARTRIDGE et al.

Deen, Presiding Judge.

In December 1979 appellees James Ellis Partridge and Nellie Lou Partridge McGee filed an action in the Lincoln Superior Court seeking partition of a 77-acre tract in which they owned a 7/9 undivided interest and appellant Dova L. Partridge owned an undivided 2/9 interest. The court granted appellees' petition and entered a final order in April 1982. In August of that year appellant brought an action seeking to have the order and judgment in the former action set aside, alleging that the judgment was invalid because of the non-joinder of a necessary party, the Savannah Valley Production Credit Assn. (Savannah), holder of a deed to secure debt on the tract. Appellees moved for summary judgment on the basis that appellant's failure in the former action either to join Savannah or otherwise to raise the non-joinder issue constituted a waiver, thereby giving rise to *res judicata* and estoppel. Appellant filed no response to the motion, and the trial court, noting appellant's non-compliance with the statutory requirements, granted summary judgment to appellees. Appellant enumerates as error the award of summary judgment and the failure to set aside the former judgment. *Held:*

Appellant, relying on two cases only, contends that the non-joinder of the holder of the deed to secure debt rendered the judgment invalid. Neither of the cases cited supports her contention, however. In *Leggitt v. Allen,* 85 Ga. App. 280 (69 SE2d 106) (1952), the non-joinder of an essential party was raised by demurrer, and the trial court improperly overruled the demurrer. In the instant case non-joinder was not raised at all during the first action, where it might properly have been pleaded. OCGA §§ 9-11-12 (b) (7), (h) (2) (Code Ann. § 81A-112); 9-11-19 (Code Ann. § 81A-119). In *Brinson v. Thornton,* 220 Ga. 234 (138 SE2d 268) (1964), the court held valid and binding the partition complained of in that case because the appellant, like the appellant in the instant case, had actual knowledge of the partition proceeding but at trial raised no defenses and alleged no procedural defects. Moreover, appellant Partridge filed neither an appeal nor a motion for a new trial, OCGA § 9-11-60 (c) (Code Ann. § 81A-160), and under the facts of this case a motion to set aside will not lie. OCGA § 9-11-60 (d) (Code Ann. § 81A-160); *Smith v. Merchants & Farmers Bank,* 226 Ga. 715 (177 SE2d 249) (1970).

As to appellant's further enumeration, OCGA § 9-11-56 (e) (Code Ann. § 81A-156) prescribes that "When . . . an adverse party . . . does not . . . respond [in the statutorily prescribed manner], summary

judgment, if appropriate, shall be entered against him." In the case at bar appellant not only failed to carry her burden of establishing the existence of any genuine issue of material fact, OCGA § 9-11-56 (c), (d) (Code Ann. § 81A-156), but was in total non-compliance with the statutory requirements. The court below did not err in awarding summary judgment to appellees.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 6, 1983.

*J. Carlisle Overstreet,* for appellant.
*Ben B. Ross, M. McNeill Holloway III,* for appellees.