## 41641. ROBINSON et al. v. RAY.
### (327 SE2d 721)

BELL, Justice.

Chandler Reynolds Dixon executed a will in 1971, naming his wife, June Dixon, as his sole beneficiary, without remainder or limitation. The wife predeceased her husband, leaving as her sole heir Charles Glenn Ray, her son by a previous marriage. The husband died in 1983. Ray tendered the 1971 will for probate, and appellants, relatives of the testator, caveated. The probate court admitted the will to probate, and the caveators appealed to the superior court. The latter court granted summary judgment to Ray, and the caveators appealed the judgment. We affirm.

1. "The general rule is that a legacy or devise lapses by death of the legatee or devisee during the lifetime of the testator unless the language of the will expresses a contrary intent, or unless otherwise provided by statute." *Powell v. Thorsen,* 253 Ga. 572, 575 (6) (322 SE2d 261) (1984). In the instant case, Ray claims the estate of his mother's husband as a substituted beneficiary pursuant to our anti-lapse statute, OCGA § 53-2-103, which provides that, "If a legatee or devisee is dead when the will is executed or dies before the testator, but has issue living at the death of the testator, the legacy or devise, if absolute and without remainder or limitation, shall not lapse but shall vest in the issue in the same proportions as if it were inherited directly from their deceased ancestor." See *Seymour v. Presley,* 239 Ga. 572, 575 (1) (238 SE2d 347) (1977). See generally Redfearn, Wills and Administration in Georgia, Vol. 1, § 156 (4th ed.). Appellants argue, however, that, since Ray is not descended from the testator, he is not an "issue" within the meaning of OCGA § 53-2-103. We disagree.

In construing this statute, "Our touchstone is of course the intent

of the General Assembly." *Tabb v. State*, 250 Ga. 317, 318 (297 SE2d 227) (1982). "Our inquiry begins with the language of the statute itself. Generally, where the language used by the legislature is plain and unambiguous, judicial construction is unnecessary." Id. The language of OCGA § 53-2-103 is facially broad. In particular, it contains no requirement that the deceased legatee or devisee or his issue be related by consanguinity or affinity[1] to the testator. See Chaffin, "The Time Gap In Wills: Problems Under Georgia's Lapse Statutes," 6 Ga. L. Rev. 268, 273 (1972); Chaffin, "Improving Georgia's Probate Code," 4 Ga. L. Rev. 505, 511-12 (1970); 6 Bowe-Parker: Page on Wills, § 50.10 (1962).[2] Cf. Uniform Laws Annotated, Vol. 8, Uniform Probate Code, § 2-605. Despite the plain breadth of the statute, appellants ask us, in effect, to judicially limit its scope by engrafting an additional qualification, so that a legacy or devise will not vest in an issue of the deceased legatee or devisee unless he is also a descendant of the testator.[3] This we decline to do.

We recognize in passing that it is at least arguable whether, in every case where OCGA § 53-2-103 is applied, the result accurately reflects the true intent of the testator. See Chaffin, supra, 6 Ga. L. Rev. at 282; Chaffin, supra, 4 Ga. L. Rev. at 512. However, whatever the merits of that argument, the statutory language at issue is plain and unambiguous, and admits of no judicial construction. We therefore find that Ray is an "issue" within the meaning of OCGA § 53-2-104.

2. Appellants' remaining arguments are deemed abandoned pursuant to our Rule 45.

---

[1] Ray, is, of course, related to the testator by affinity.

[2] The statutes which have been enacted by the various states of this nation to prevent lapse may be divided into approximately three groups. The first type of anti-lapse statute applies only when the beneficiary is a lineal descendant of the testator; the second, where the beneficiary is a relation of the testator. Statutes in the third group, into which Georgia's anti-lapse statute falls, are not limited by their terms to relatives or other specified devisees or legatees. 6 Bowe-Parker: Page on Wills, § 50.10 at 78-80 (1962); Chaffin, "Improving Georgia's Probate Code," 4 Ga. L. Rev. 505, 512 (1970); Rees, "American Will Statutes: II," 46 Va. L. Rev., Pt. 2, 856, 899-900.

[3] Appellants point out that OCGA § 53-2-103 concludes with the statement that the legacy or devise "shall vest in the issue in the same proportions as if it were inherited directly from *their deceased ancestor*." (Emphasis supplied.) They urge that the word "ancestor" refers to the testator, and that the phrase "their deceased ancestor" therefore implies that the General Assembly's purpose was to apply § 53-2-103 only where the deceased legatee or devisee, and therefore his issue, was a lineal descendant of the testator. However, we find that this argument attempts to create artificial ambiguity where none exists. The word "ancestor" clearly refers to the deceased legatee or devisee and not to the testator. "The ultimate effect of Georgia's lapse statute is that the devise *vests in the issue* in the same proportions as if inherited directly from their deceased ancestor. Code Ann. § 113-812 [now OCGA § 53-2-103]. Those who are entitled to the devise will take as substituted beneficiaries, and not as heirs of the deceased legatee. *Newton v. Bullard*, 181 Ga. 448, 452 (182 SE 614) (1935)." *Seymour v. Presley*, supra, 239 Ga. at 575. See Chaffin, supra, 6 Ga. L. Rev. at 272, fn. 22.

For the foregoing reasons, the superior court did not err in granting summary judgment to the appellee, Charles Glenn Ray.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 2, 1985.

*Larry Fowler,* for appellants.
*Royal A. McGraw, Harry J. Altman II,* for appellee.