## A04A2235. BAGGETT v. BAGGETT et al.
(608 SE2d 688)

ANDREWS, Presiding Judge.

Jimmy Bob Baggett, as executor of the estate of J. Boyd Baggett, deceased, petitioned the Probate Court of Douglas County for the award of an executor's commission and legal expenses for duties allegedly performed on behalf of his father's estate. After the probate court denied the petition, Baggett pursued a de novo appeal to the Superior Court of Douglas County pursuant to OCGA §§ 5-3-2 and 5-3-29. Baggett's present appeal is from the order of the superior court denying his motion for summary judgment and granting the opposing motion for summary judgment brought (1) by Forrest J. Baggett, Betty Inez Baggett Strickland, and Oscar J. Baggett, children of the deceased named as beneficiaries in the deceased's will, and (2) by Loretta Baggett, the surviving spouse and representative of the estate of Boyd Donald Baggett, another child of the deceased named in the will as a beneficiary and co-executor, who died in 1996. For the following reasons, we affirm the judgment of the superior court that Jimmy Bob Baggett was not entitled to an award of a commission or legal expenses.

Following the death of J. Boyd Baggett in October 1985, Jimmy Bob Baggett qualified (along with his brother) as co-executor of the deceased's estate on October 25, 1985, and the deceased's will was probated. Over 16 years later in January 2003, Baggett petitioned the probate court to award him an executor's commission pursuant to former OCGA § 53-6-140 and legal expenses incurred as executor pursuant to former OCGA § 53-7-10. *In re Estate of Sims*, 259 Ga.

---

App. 786, 787 (578 SE2d 498) (2003) (statutory right to executor's commission vested under law existing when Baggett qualified as executor). Baggett sought the commission and legal expenses based on his claim that, as executor for over 16 years, he performed duties and incurred legal expenses relating to estate real property he held on behalf of the beneficiaries in the will. Both the probate court and the superior court found that Baggett was not entitled to an executor's commission or legal expenses because the record shows that in 1988, with the assent of the co-executors, the real property at issue was transferred out of the estate to the five children named as beneficiaries in the will by a superior court consent judgment which settled year's support and other claims made by the deceased's surviving spouse. On appeal, Baggett claims the superior court erred by denying his petition because it erroneously found that he assented as executor to transfer of the real property out of the estate to the children beneficiaries.

When Baggett and his brother qualified as co-executors of the will in 1985, legal title to the estate's real property vested in them for the benefit of the named beneficiaries, who held inchoate title to the property interest devised to them under the will. Former OCGA § 53-2-108; *Whatley v. Musselwhite*, 189 Ga. 91, 100-104 (5 SE2d 227) (1939); *Armstrong v. Merts*, 76 Ga. App. 465, 469 (46 SE2d 529) (1948). Thereafter, legal title to the real property remained in the co-executors until they assented, either expressly or by implication, to the devise of the property from the estate. Former OCGA §§ 53-2-108; 53-4-9; *State Hwy. Dept. v. Stewart*, 104 Ga. App. 178, 181 (121 SE2d 278) (1961); *McGahee v. McGahee*, 204 Ga. 91, 94-95 (48 SE2d 675) (1948). As set forth in former OCGA § 53-2-109, "[t]he assent of the executor may be express or may be presumed from his conduct." On consideration of Baggett's petition, both the probate court and the superior court found facts sufficient to establish a presumption that in 1988 Baggett and his brother assented as co-executors to the transfer of the real property out of the estate.

The record shows that, after the deceased's surviving spouse petitioned for and was awarded year's support in the probate court and the case was appealed to the superior court, the surviving spouse and the children named as beneficiaries in the will settled their interests in the estate by a consent judgment entered in the superior court on February 23, 1988. Both co-executors, Boyd Donald Baggett and Jimmy Bob Baggett, were part of the settlement in their individual capacities as beneficiaries under the will. The consent judgment provided that, in exchange for the payment of $30,000 from the five children named as beneficiaries, the surviving spouse's year's support award was set aside, and the children "are awarded [the real property] to have and to hold the same in fee simple" free of all claims

by the surviving spouse, including the life estate interest in the property given to her under the will. The judgment shows that it incorporated a description of the real property and that it was subsequently recorded in the office of the superior court clerk. See *Callaway v. Armour*, 208 Ga. 136 (65 SE2d 585) (1951) (judgment serving as muniment of title to land must contain adequate description of the land); OCGA § 9-12-86 (b) (recording of judgment affecting title to real property). Pursuant to the consent judgment, the five children (including both co-executors) jointly borrowed $30,000 in their individual capacities to pay the surviving spouse, jointly executed a debt deed to the lender over the real property in their individual capacities, and the surviving spouse executed a quitclaim deed to the real property to the five individual children.

By the 1988 consent judgment, the superior court decreed that title to the property was vested in the five individual children. Even in the absence of an express assent by the co-executors in their capacity as such, the participation of the co-executors as individuals in the settlement accomplished by the consent judgment was conduct which showed their assent by presumption or implication to the decree of title to the property in the five individual children. See *Citizens Bank of Vidalia v. Citizens & Southern Bank*, 160 Ga. 109, 116 (127 SE 219) (1925) (assent presumed where executors transfer property in their individual capacity). Moreover, as the superior court noted in its order granting summary judgment, the co-executors' intent to give assent to the transfer of title was confirmed after the settlement when in 1997 the individual children and representatives of the child who died in 1996 sold a portion of the real property by warranty deed and divided the sale proceeds, and was further confirmed when Jimmy Bob Baggett drew checks on his personal account to pay the individual children rental income earned on the property after the settlement.

Accordingly, the superior court correctly found that there was no genuine issue of material fact for determination and that, as a matter of law, the co-executors assented in February 1988 to the transfer of title to the property to the five individual children. OCGA § 9-11-56. Because Baggett's petition for the award of an executor's commission and legal expenses was based on actions related to the property performed after he assented to transfer of title to the property out of the estate to the individual children, there is no basis for compensating him as executor. The superior court correctly granted summary judgment against the petition.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 23, 2004.

*Joe L. Anderson,* for appellant.

*Winn, Price & Winn, Barry R. Price, Hartley, Rowe & Fowler, Joseph H. Fowler, Jett & Liss, Adam G. Jett, Jr.,* for appellees.